CHIEF JUSTICE HARDIN
delivered the opinion op the court.
The appellee was commissioned as sheriff of Henry Comity in January, 1851, for a term of two years, and thereupon appointed the appellant Buckley his deputy, who executed to his principal a bond for the faithful discharge of his duties. The appellee again became sheriff for the years 1853-54, and again appointed the appellant his deputy, but without taking any bond of indemnity from him. On the 16th of March, 1868, the appellee brought this action against Buckley and his sureties, alleging that he had acted as deputy sheriff for the years 1851, 1852, and 1853, and of the state revenue and county levy for those years, collected by him, he had failed to pay over and was in arrears at least the sum of thirty-five hundred dollars. Buckley, as well as the sureties in his bond, *22 relied on limitation as a bar to the action; and the court in its judgment sustained the defense of the sureties, and also of Buckley as to his collections for the year 1853, as to which he had given no bond, but adjudged against him on his bond the sum of $1,457.59 as for the balance of his collections for 1851 and 1852; and this appeal is prosecuted by him for a reversal of that judgment.
It is plain, we think, that more than fifteen years had elapsed when the suit was brought since the accrual of the plaintiff’s cause of action on the bond; and this lapse of time would under ordinary circumstances have been a bar to the action on the bond, under sec. 1 of art. 3 of chap. 63 of the Revised Statutes. But it appears that during part of that time Buckley was absent from this state, and engaged in the service of the United States, as an officer in the Federal army in the late civil war; and the main and essential question to be determined in this case is whether such merely temporary absence from the state was such an obstruction to the prosecution of an action against Buckley as would, according to sec. 9 of art. 4 of chap. 63 (supra), prevent the running of the statute of limitations in his favor. Said sec. 9 is as follows: “When a cause of action mentioned in the third article of this chapter accrues against a resident of this state, and he by departing therefrom, or by absconding or concealing himself, or by any other indirect means obstructs the prosecution of the action, the time of the continuance of such absence from the state or obstruction shall not be computed as any part of the period within which the action may be commenced. But this section shall not avail any other person, notwithstanding another might be jointly sued with him, if there had been no obstruction.” This provision, so far as applicable to this case, is not materially different from sec. 9 of the general limitation act of December 17, 1796 (2 M. & B. 1125), which this court held, in the case of Ormsby v. Letcher (3 Bibb, 269), did not *23 operate to suspend the running of the statute for a mere temporary absence of a debtor from the country, without concealment of himself or an actual change of his residence.
The absence of Buckley in the army did not, in our opinion, obstruct the appellee, within the meaning of the statute, from instituting a suit against him on his bond, and it results that the action was barred by limitation.
Wherefore the judgment is reversed, and the cause remanded with directions to render a judgment in conformity to this opinion.
Judge Pryor did not sit in this case.