Shepard vs. Pebbles.

SHEPARD VS. PEBBLES.

38 | 373
97 | 355
38 | 373
f102 | 479
38 | 373
d110 | ⁵279
52 LRA | 188n
38 | 373
111 | ¹ 55

JUDGMENT: SURETY: GUARDIAN'S BOND. (1) *Surety contracting as to con-duct of party to suit, bound by judgment therein.* (2) *Surety on guar-dian's bond concluded by order of county court as to amount due.* (3) *Evidence of fraud between guardian and surety no defense to suit against cosurety for contribution.* (4) *Recitals in order on accounting, evidence that guardian was cited to account.* (5) *Cosurety not liable for costs in circuit court on judgment against guardian and surety.* (6) *Surety allowed half the attorney fees paid on accounting in county court.*

1. Where a surety has contracted with reference to the conduct of one of the parties to a suit or proceeding in court, he is concluded by the judgment therein.

2. Sureties on a guardian's bond for a sale of real estate are concluded by the order of the county court on the guardian's accounting, as to the *amount* due from him to the ward, where the guardian was duly cited, and the sureties appeared at the hearing; and *it seems* that they would be concluded without such an appearance on their part.

3. On failure of the guardian in such a case to pay as ordered, judgment for the amount was recovered against him and one of the sureties, and paid by the latter, who then brought this action against his cosurety, for *contribution*. Defendant offered to prove that at said sale, the guardian sold the ward's land to this plaintiff, and received in payment a span of horses at $500, twenty acres of land at $500, and $300 in money; that previous to such sale plaintiff had sold these horses to the guardian, and taken therefor his note and a mort-gage of the horses, with the understanding that he (plaintiff) would bid off the ward's land at the sale thereof, and the guardian would receive back his note and mortgage in payment therefor; that this was done with intent to defraud the ward; and that her land was sold for about half its value, and a greater price given for the horses and land received in payment, than they were worth. *Held*, that the evidence was properly rejected as not showing a defense.

4. *Recitals* in the order of the county court upon the guardian's final ac-counting, of an order having been duly made, upon the ward's peti-tion, for the guardian to appear and account at a designated time and place, and of such order having been duly served on him, *held* suffi-cient evidence in this action, that the guardian had been duly *cited* to render his account. R. S., ch. 117, secs. 2 and 3.

5. Plaintiff's judgment herein was for one-half not only of the damages but also of the *costs* awarded by the judgment against himself and the guardian, and paid by him. There is no special count in the complaint to show defendant's liability for these costs, nor any evidence that he authorized their payment, or agreed to pay any part of them. *Held*, that the judgment is erroneous as to such costs.

6. The complaint demanded, and the judgment included, one-half of the sum paid the attorney of the sureties for his services in the county court on the accounting. The bill of exceptions not purporting to contain all the evidence, it must be *presumed* that plaintiff showed himself entitled to recover that amount.

APPEAL from the Circuit Court for *Fond du Lac* County.

The plaintiff having paid a judgment recovered against himself, as a surety, and his principal on a guardian's bond, brought this action against his cosurety, for contribution. The grounds of defense, and the character of certain evidence offered by defendant and rejected, are fully stated in the opinion.

The plaintiff had a verdict and judgment for the whole amount demanded by him ; and the defendant appealed.

*H. E. Connit*, with *A. M. Blair* of counsel, for appellant, argued that judgments are only binding upon the parties thereto, and their privies in blood and estate. Neither plaintiff nor defendant in this suit was a party to the proceedings in the county court, nor in any sense privy thereto, nor bound by the order or judgment there. The most that can be claimed is, that such order is *prima facie* evidence against them for certain purposes. And if it did not bind the sureties in an action by the ward against them, much less could it bind the defendant in an action for contribution by his cosurety. *Turpin v. Thomas*, 2 Hen. & Mun., 139 ; *Gelpeke v. Milwaukee & Horicon R. R.*, 11 Wis., 454; *McKellar v. Bowell*, 4 Hawks, 34. In the latter case, it was held, in an action against the surety upon a guardian's bond, for default of the principal, that the record of a recovery against the guardian was not admissible as evidence for any purpose. 2. The facts offered to be proved were a de-

fense to the action.    In the sale of the land, plaintiff concerted with the guardian to make a *devastavit* of the ward's estate. The delivery of the horses and harness to the guardian, or of the note he held for them, and conveyance of the other land, constituted no payment upon the $1,300, and plaintiff remained liable as if no such conveyance or delivery had been made, and when he paid the judgment obtained against him, he only paid his own debt.    When he took a guardian's deed of the land, paying for it in part by giving the guardian another piece of land, the horses and harness, he knew he was acting contrary to law, and that it worked a *devastavit* to the ward's estate; and he can not compel his cosurety to assist him to make a sale of his own property.    3. If plaintiff has a right to recover at all, he can not recover any portion of the costs in the proceeding by the county judge against him.    The right to contribution does not extend to the costs incurred by the surety in an action brought against him to recover the debt.    Chitty on Con. (8th Am. ed.), 519; *Boardman v. Paige*, 11 N. H., 431; *Henry v. Goldney*, 15 M. & W., 494.

*Eli Hooker*, with *A. Scott Sloan* of counsel, for respondent, contended that the recitals in the final order of the county judge were sufficient *prima facie* to show jurisdiction.    Tay. Stats., 1310, § 6; *Farrington v. Wilson*, 29 Wis., 383.    2. The order or judgment of the county judge on the accounting is conclusive upon the parties to this action.    When parties contract with reference to some suit or proceeding in court, they are all bound by the judgment in such suit or proceeding. *Garber v. Commonwealth*, 7 Barr, 265; *Heard v. Lodge*, 20 Pick., 53; *Willey v. Paulk*, 6 Conn., 74; *Stovall v. Banks*, 10 Wall., 583.    In this state the courts have distinctly recognized the principle that a person signing as surety for a party in a legal proceeding becomes thereby a *quasi* party to the proceeding, and bound by it.    *Pratt v. Donovan*, 10 Wis., 378; *Booth v. Ableman*, 20 id., 602; *Ketchum v. Zeilsdorff*, 26 id., 514. 3. The bill of exceptions does not purport to give all the pro-

ceedings on the trial, and the court will presume that sufficient evidence was given to support the verdict. *Paine v. Smith*, 32 Wis., 335, 339; *Moul v. Moul*, 30 id., 203.

COLE, J. This is an action to compel contribution by one surety to another for money paid on a bond given by a guardian on the sale of real estate belonging to his ward. The bond was joint and several, and was conditioned that if the guardian " do and shall justly and truly account for all the proceeds of the sale of said real estate and dispose of the same according to law, and perform all orders and decrees of the county court by him to be performed in the premises, then the obligation to be void."

On the trial, the plaintiff offered in evidence a certified copy of an order on accounting before the county court, which showed that the guardian had been cited to appear before that court and render an account of his guardianship; that the guardian and sureties did appear, and, after hearing the allegations and proofs of the parties, the court adjudged that there was due from the guardian to the ward the sum of $978.30, and ordered the amount to be paid within sixty days after the service of a copy of the order upon the guardian and sureties. The money not being paid, an action was subsequently commenced on the bond against the guardian and this plaintiff, in which judgment was rendered against them for $1,009.48 damages, and $57.24 costs. The plaintiff paid this judgment, and has sued and recovered a judgment against the cosurety for one-half of the amount thereof; also the sum of $12.50, which was one-half the amount paid the attorney who appeared for the sureties in the county court on the accounting. The principal question in the case arises upon the rulings of the court in excluding certain testimony offered on the part of the defendant. The defendant offered to prove that the guardian sold the land to the plaintiff at the sale for $1,300, receiving in payment a span of horses at $500, twenty acres of land at

$500, and $300 in money; that previous to the sale the plaintiff had sold the guardian the horses, taking a note and chattel mortgage on the horses, with the understanding and agreement that he was to bid off the land and deliver the guardian the note and mortgage back in part payment for the land; that this arrangement was entered into with intent to cheat and defraud the ward; that the sale between the plaintiff and guardian was fraudulent, for the reason that the ward's land was sold for about half its value, and a greater price given for the horses and the land received in exchange than the property was worth. This, in substance, was the offer. The testimony was objected to and ruled out, on the ground that these matters could not be inquired into in this action; that the proceedings in the county court on the accounting, and the judgment in the circuit court, were conclusive as to the extent of liability on the part of the sureties. The question is, Was this evidence admissible? It is not obvious upon what principle the facts offered to be proven would constitute a defense to this action for contribution. They would only tend to show that a fraud was committed upon the ward, and that her property had been sacrificed by the arrangement entered into between the plaintiff and guardian; but they would not show, nor have any tendency to show, that there had been no breach of the bond, or that the sureties were not justly bound to pay the amount which was found due the ward on the accounting. The counsel for the defendant concedes that the plaintiff was liable to the ward for the amount found due from her guardian, and that this amount has been paid by him; but he says it does not follow from this that his cosurety is liable to him for contribution. Why not? Suppose it were shown that the guardian was guilty of a gross breach of trust in dealing with the estate of his ward, and that the sureties, instead of being held responsible to the ward for $1,000, ought justly to pay her $2,000; how would these facts tend to exonerate the defendant from the payment of his proportion of the $1,000? If the

ward sees fit to acquiesce in the fraud of her guardian, and does not choose to hold the sureties to the full measure of their liability, why should the defendant complain, so long as he is only called upon to pay his share of the debt actually demanded.

But there is, perhaps, a more satisfactory ground for excluding the evidence offered, which is, that the sureties were concluded by the order of the county court as to the amount due. The order shows that the sureties appeared by counsel before that court on the hearing and final accounting of the guardian. But even if they had not appeared at the accounting, we are still inclined to hold, upon the authorities, considering the nature of their contract and the relation they occupied to the guardian, that their responsibility would be fixed in a proceeding to which they were not parties, and where they had no opportunity to contest the amount due. The law in relation to the effect of a judgment against a principal, for the purpose of charging the surety, has frequently been considered by the courts; and the decisions are not always in entire harmony on the subject. Distinctions have been made in the application of the rule of law, which are not very marked and obvious. The general rule of course is, that a judgment is conclusive only as against parties and privies; but to this there are exceptions. And it is conceded that whenever the surety has contracted in reference to the conduct of one of the parties in some suit or proceeding in the courts, he is concluded by the judgment. *Pratt v. Donovan*, 10 Wis., 378; *Booth v. Ableman*, 20 id., 602; *Smith v. Lockwood*, 34 id., 72. And it has also been decided that the sureties upon the bond of an administrator are bound by a decree against the administrator finding assets in his hands and nonpayment of them over, to the same extent to which the administrator himself is bound. *Stovall v. Banks*, 10 Wall., 583; *Heard v. Lodge*, 20 Pick., 53; *Garber v. Commonwealth*, 7 Barr, 265. The sureties are not to be concluded by a judgment suffered collusively by the administrator (*Boyd v. Caldwell*, 4

Rich., 117; *Heard v. Lodge, supra*); but as to all matters of defense going to the merits of the debt as between the original parties, the judgment against the administrator is held conclusive in an action upon the bond. In *Stovall v. Banks*, which was an action upon an administrator's bond, it was claimed that there was no such privity between the principal and surety as to make a decree against the administrator as to the amount of assets in his hands anything more than *prima facie* evidence against the surety; but the court overruled the point in the following language: "The decree settled that the administrator of the intestate, Alfred Eubanks, held in his hands sums of money belonging to the equitable plaintiffs in this suit, as distributees of the intestate's estate, which he had been ordered to pay over by a court of competent jurisdiction.; and the record established his failure to obey the order. Thereby a breach of his administration bond was conclusively shown. Certainly the administrator was concluded. And the sureties in the bond are bound to the full extent to which their principal is bound." p. 588. In the case before us, the order of the county court fixed the amount of the. proceeds of the sale in the hands of the guardian, and directed its payment to the ward. The sureties had contracted that the guardian should and would justly account for the proceeds, and dispose of them according to law, and would perform all orders of the county court by him to be performed. There was a breach of the obligation on the default of the guardian to pay over as he was ordered to do; and the sureties, as well as the principal, are estopped from controverting the correctness of the order ascertaining the amount. They occupy in many respects a position like that of sureties in a replevin or bail bond, and are equally concluded by the proceedings against the principal. We have not overlooked the cases of *McKellar v. Bowell et al.*, 4 Hawks, 34; *Beall v. Beck*, 3 Harris & McHenry, 242; *Lartigue v. Baldwin*, 5 Martin (La.), 193; *King v. Norman*, 4 Mann., Grang. & Scott, 488; *Thomas v. Hubbell*, 15 N. Y., 405; *S. C.*, 35 id., 120;

to which we were referred on the argument, or which we found in our investigations; but have concluded not to follow them so far as they may conflict with the views above expressed. We do not deem it necessary to more particularly notice these decisions. The conclusion which we have reached is sustained by many authorities not cited in this opinion. See *Fay v. Ames*, 44 Barb., 328; *Watts v. Gayle*, 20 Ala., 817; *Willey v. Paulk*, 6 Conn., 74; *Love v. Gibson*, 3 Fla., 598.

It was claimed that the recitals in the order of the county court were not evidence that the guardian had been cited to render his account, and that this fact should have been shown *dehors* the order. This position is untenable in view of secs. 2, 3, ch. 117, R. S.

It is further insisted that the plaintiff could not recover any portion of the costs. The bill of exceptions does not purport to contain all the evidence, and we must presume that the testimony showed that the plaintiff was entitled to recover the $12.50 which was paid the attorney for services rendered in the county court on the accounting. But we do not understand that the right to contribution extended to the costs incurred by the plaintiff, or paid by him, in the action brought in the circuit court. It does not appear that the defendant authorized the payment of those costs, or agreed in any way to be liable for his share of them, and there is no special count in the complaint which would warrant any evidence to show that he was responsible for them. Under these circumstances the judgment of the circuit court must be reversed, and the cause remanded with an order to that court to allow the plaintiff to remit from the judgment the costs of the action on the bond, judgment to be entered for him in case he remits; and to grant a new trial if he declines to remit.

*By the Court.* — It is so ordered.