CASE 85—PETITION ORDINARY—APRIL 14.

# Nunez v. Taylor & Williams.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

LIMITATION—ABSENCE OF DEBTOR FROM STATE.—Where a debtor, a resident of this State, departs from the State after a cause of action has accrued against him, and the creditor, by reason of the debtor's absence, is prevented from suing, the time of such absence is not to be computed as a part of the period within which the action may be commenced. But if the debtor was only temporarily absent, and was frequently in the county of his residence in this State during the period within which the action was required to be brought, and the creditor knew of his presence here, or could, by the exercise of reasonable diligence, have known of such presence, the time of his absence should not be deducted.

BULLITT & SHIELD FOR APPELLANT.

1. Mere temporary absence of a resident debtor from the State is not such an obstruction as will suspend the operation of the statute of limitations. (Ormsby v. Letcher, 3 Bibb; Buckley v. Jenkins, 10 Bush, 21; McDowell v. Underhill, 10 Bush, 584.)

2. Contradictory instructions are worse than no instructions. (Finch v. Shackleford, Superior Court opinion, February, 1886.)

3. Comment of counsel in argument on matters not in evidence demands a new trial, if the jury may have been influenced by such conduct. (Cleveland Paper Co. v. Banks, 15 Neb., 20; s. c., 48 Am. Rep., 334; 61 Iowa, 589; Long v. State, 56 Ind., 182; Union Central Life Ins. Co. v. Cheeva, 36 Ohio, 201; 71 Ind., 417.)

JAMES E. GAITHER FOR APPELLEES.

1. The time of defendant's absence from the State should be deducted in determining whether the action is barred by limitation.

2. The note having been taken from the bank by the original payee, was restored to the same condition as before it was discounted (Cline v. Pemberton, 78 Ky., 550), and instead of the statute of five years applicable to foreign bills of exchange, the statute of fifteen years should apply.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellees, in 1885, sued the appellant upon a promissory note due in August, 1880, that had been

discounted in bank, and the appellant pleaded the statute of five years' limitation in bar of said action ; and the appellees replied that the appellant, at the time he executed said note, was a resident of this State, and, after the maturity of said note, the appellant departed from this State, and thereby obstructed the appellees' cause of action, and deducting the time of the obstruction, the action was brought within five years from the maturity of the note. The jury sustained the appellees' contention, and the appellant has appealed. Upon the subject of departing from the State, and obstructing the appellees' action, the evidence is that the appellant, at the time he executed the note, was a resident of Louisville, with a family, and, having become insolvent, he made an assignment for the benefit of his creditors, and then entered the service of the Chess-Carley Company, which sent him to Richmond, Virginia, in October, 1880, where he remained until April, 1881, and then he returned to Louisville, where he remained a week or ten days. He was then sent to Nashville, where he remained until September, 1881; he then returned to Louisville, and remained there about six weeks. He then returned to Nashville, and remained there until May, 1883, returning to Louisville every month or six weeks, and remaining each time from one to four days. In May, 1883, he was sent to New Orleans, where he remained until February, 1886, visiting Louisville every three or four months. In February, 1886, he was ordered to Chicago, where he remained, &c.; that he at these places had his family with him ; that he visited Louisville on the occasions mentioned, on the

business of said company, and made their office his headquarters, and that Louisville was all the time his home ; lodged with his brother while in Louisville.

The foregoing is the account that the appellant gives of himself. He also swears that while he was in Louisville the appellees saw him frequently, and could, by ordinary diligence, have learned that Louisville was his home, and he could be reached periodically at that place. The appellees swear that they had never seen the appellant in Louisville during the time mentioned, and that they could not, by the use of ordinary diligence, have found out the appellant's home and his periodical visits to it. The jury, under the instructions, found for the appellees ; and, if they were properly instructed, their verdict can not be disturbed.

It is contended that instruction No. 2 is wrong, in the fact that the instruction assumes that the appellees were prevented from suing on the note by reason of the appellant's absence from the State. The instruction does not assume that fact. It told the jury that if they believed the appellant was absent from the State, and the appellees were, by reason thereof, prevented from suing in the State within the period of five years, then they should find for them. The court also told the jury that if the defendant "had never in fact changed his residence, and was frequently in this State and county, and the appellees knew of said facts, or could by the exercise of reasonable diligence have known thereof, then the law was for the defendant."

The jury were also told that if the appellant "was only temporarily absent from the State from August, 1880, until August, 1885, the time of bringing this suit, and that he was often in this county during said period, and the appellees either knew of his presence here or could have known of such presence by the exercise of reasonable diligence," then the law was for the appellant.

The appellant also contends that there is a conflict between the first instruction quoted and the two latter quoted. We fail to see this. Section 9, article 4, chapter 71, General Statutes, provides that where a cause of action, &c., has accrued against a resident of this State, and he, by departing therefrom, obstructs the prosecution of the action, &c., such obstruction shall not be computed as any part of the time within which the action may be commenced. Now, the said first instruction hypothecates the only state of case in which time could not be computed against the appellant, to wit: a departure from the State and an obstruction by reason thereof, both of which were fairly submitted to the jury as separate, concurring propositions that must occur before the period of departure could be deducted; and the two other instructions quoted are hypothecated upon the counterpart of the first instruction. We fail to see the inconsistency in them, and in view of the facts proven the instructions are as favorable to the appellant as he was entitled to.

The judgment is affirmed.