MEYER, Trustee, Respondent, vs. BARTH and others, imp., Appellants.

*October 4 — October 22, 1897.*

*Probate bond, liability of sureties: Parties: Pleading: Practice:* Res adjudicata.

1. In the absence of fraud or collusion, the sureties on a probate bond are concluded by the decree of the proper court, rendered upon an accounting of their principal, as to the amount of their principal's liability, even though they were not parties to such accounting.

2. An objection that the party plaintiff has not legal capacity to maintain the action must be taken by demurrer or answer; otherwise it is waived.

3. Although subd. 4, sec. 4014, and sec. 4015, R. S., provide for the prosecution of certain actions upon the bonds of testamentary trustees in the name of the county judge, yet an action against the sureties of a former trustee on his bond, for his failure to account for and pay over trust funds, may be prosecuted in the name of a subsequent trustee, he being, in his representative capacity, the real party in interest.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This action is brought against the sureties upon a bond given by the trustee of a testamentary trust.

The facts are that one Coleman was the executor of the will of one Lurinda Shepardson, deceased, which will contained a number of testamentary trusts. On the 5th day of

July, 1893, Coleman declined to act or qualify as trustee under the will, and thereupon the county court of Milwaukee appointed John B. Koetting such trustee; and on the 11th day of the same month, Koetting filed in said court his bond for the faithful performance of his duties as trustee, in the penal sum of $164,000, upon which bond the defendants *Barth* and others were sureties. Said bond was approved by the court, and thereupon Coleman delivered over to Koetting, as trustee, securities amounting to $83,004.44. Of this amount the sum of $53,000 was represented in bank certificates of deposit, as follows: One certificate issued by the First National Bank of Milwaukee, $28,000; one certificate issued by the Wisconsin National Bank of Milwaukee, $10,000; one certificate issued by the South Side Savings Bank of Milwaukee, $15,000; one certificate issued by the South Side Savings Bank of Milwaukee, $3,000. At the time he received these certificates, Koetting was the cashier of said South Side Savings Bank, and he deposited all the certificates in said bank upon receipt thereof. The bank closed its doors on the morning of July 23, 1893, in a bankrupt condition, and has never resumed business. At the same time, Mr. Koetting absconded from the state, and was absent for a number of months, his whereabouts being unknown.

On the 12th of August following, upon a petition of the sureties upon Koetting's bond, who are the appellants here, Koetting was removed as trustee, and the plaintiff was appointed as trustee in his place. The reason for the application being made to the circuit court was that the county court would not be open until September, the county judge being absent from the state. Soon after *Meyer's* appointment, he received the two certificates of deposit issued by the South Side Savings Bank, amounting to $18,000, and other securities of the trust estate amounting to $26,728.82, but did not receive the certificates of deposit issued by the First National Bank and the Wisconsin National Bank, ag-

gregating $38,888. These last-named certificates of deposit had been used by Koetting for the benefit of the bank, and were never accounted for, and no question is raised in this action as to the liability of Koetting and his bondsmen for them.

Upon the return of Koetting to Milwaukee, he was ordered by the county court of Milwaukee to make and file his account for his trusteeship, which he did on the 8th day of February, 1896. In this account and report he admitted the receipt of the securities from Coleman as hereinbefore stated, and alleged the turning over to *Meyer*, as trustee, of all said securities, save the certificates of deposit. It further appears upon the accounting that the plaintiff, as trustee, had received certain dividends from the receiver of the South Side Savings Bank upon the certificates of deposit of said bank held by him. The county court, after crediting said dividends, found that there was due on the 3d day of March from Koetting, as trustee, to *Meyer*, as trustee, the sum of $59,557.81, which he was ordered to at once pay over to *Meyer*. Koetting having failed to pay over said sum, or any part thereof, this action was brought by *Meyer* against Koetting and his sureties, leave having first been obtained by *Meyer* from the county court to bring said action.

The court found the facts substantially as above stated, and rendered judgment for the plaintiff for the amount found due by the county court, with interest from the date of said decree, and costs. From this judgment the sureties appeal.

For the appellants there were briefs by *Timlin & Glicksman* and *Julius E. Roehr*, and oral argument by *Nathan Glicksman* and *Mr. Roehr*. Among other things, they argued that the action could only be prosecuted in the name of the county judge or of the beneficiaries. The subsequent trustee was not aggrieved or injured. Subd. 4, sec. 4014, and sec. 4015, R. S. The sureties are not concluded by the

decree of the county court on an accounting in which they did not participate. In the case of *Shepard v. Pebbles,* 38 Wis. 373, the bond had different conditions, and the sureties appeared and contested their principal's liability. In other cases where they have been held concluded, it was by reason of some apt word or phrase in the bond. *Thomson v. Mac-Gregor,* 81 N. Y. 593; *People ex rel. Collins v. Donohue,* 70 Hun, 317.

For the respondent there was a brief by *O. T. Williams & Coleman* and *Rogers & Mann,* and oral argument by *Mr. Williams.*

WINSLOW, J.   Whatever may be the rule in other jurisdictions, this court has definitely adopted the rule that sureties upon a probate bond are, in the absence of fraud or collusion, concluded by the decree of the proper court, rendered upon an accounting by their principal, as to the amount of the principal's liability; and this is the rule even though the sureties be not parties to the accounting. *Shepard v. Pebbles,* 38 Wis. 373; *Holden v. Curry,* 85 Wis. 504; *Schoenleber v. Burkhardt,* 94 Wis. 575. The same rule prevails in many courts. *Heard v. Lodge,* 20 Pick. 53; *Stovall v. Banks,* 10 Wall. 583; *Irwin v. Backus,* 25 Cal. 214; *Smith v. Smithson,* 48 Ark. 261; *Martin v. Tally,* 72 Ala. 23; *Housh v. People,* 66 Ill. 178. It is not alleged in the present case that there was any fraud or collusion in Koetting's accounting before the county court. Therefore, when, upon that accounting, the county court adjudged that on the 3d day of March, 1896, there was due from Koetting to the estate of Lurinda Shepardson $59,557.81, the question as to the amount of Koetting's liability as trustee was conclusively settled, both as to Koetting and as to the sureties upon his bond. We do not need, therefore, to examine or discuss a number of questions which are discussed by counsel relating to the amount of Koetting's default. Those questions were closed by the

decree rendered upon the accounting, and cannot be opened in this action. This was the conclusion reached by the superior court, and it thereupon rendered judgment for the plaintiff for the amount of the deficiency found by the county court, with interest from the date of that judgment, and this was manifestly right.

A point was made that the action should have been prosecuted by the county judge, under R. S. sec. 4014, subd. 4, and sec. 4015. We do not regard the point as of merit. The funds must, when recovered, go into the hands of *Meyer*, to hold as trustee; and he is, in his representative capacity, the real party in interest. Conceding the point to have been technically well taken, no objection was made by answer or demurrer, the point being raised by objection on the trial for the first time. It is, in effect, an objection that the trustee has not legal capacity to sue; and this must be taken by demurrer or answer, or it is waived. It is, in principle, much like the case of *Webber v. Ward*, 94 Wis. 605.

*By the Court.*— Judgment affirmed.