INGERSOLL, Respondent, vs. SEATOFT, Appellant.

*February 27 — March 14, 1899.*

*Vacating judgment: Rights of surety on appeal bond.*

A surety upon an appeal bond conditioned for the payment of any judgment finally recovered against his principal is not entitled, in the absence of fraud or collusion, to have a judgment against his principal vacated and to have permission to defend, where his principal would have no such right.

APPEAL from an order of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

J. C. *Kerwin,* for the appellant.

For the respondent there was a brief by *Thompson, Harshaw & Thompson,* and oral argument by *J. C. Thompson.*

CASSODAY, C. J.   It appears from the record, in effect, that
the plaintiff commenced this action against the Ingersoll
Land & Lumber Company, in April 1895, to recover a bal-
ance of account for services as general manager of the cor-
poration; that the corporation answered; that the case was
twice continued at the request of the corporation; that an
amended answer was filed on leave had, and a counterclaim
made therein for rent, wrong, fraud, negligence, and mal-
feasance upon the plaintiff's part, as the corporation's officer,
and judgment demanded for a large sum against the plaint-
iff; that plaintiff replied; that the defendant moved to have
the same made more definite and certain, which motion was
overruled January 2, 1897; that the corporation appealed
therefrom to this court, and upon such appeal the corpora-
tion was required to give, and did give, the requisite under-
taking, with Henry Sherry and this appellant as sureties,
whereby, pursuant to the statute in such case made and pro-
vided, they did undertake that the corporation would pay
all costs and damages which might be awarded against it
on such appeal, not exceeding $250, and did also undertake
that, if the plaintiff finally recovered judgment against it in
that action, then that it would pay the amount directed to
be paid by such final judgment, not exceeding $1,000; that
such appeal was dismissed on motion of the plaintiff's attor-
ney, and the cause remanded and noticed for trial at the
December term, 1897; that prior to that time the plaintiff,
Henry Sherry, and the corporation, had become insolvent,
and the corporation and Henry Sherry had each made vol-
untary assignments for the benefit of their creditors; that
the plaintiff and the corporation respectively waived a jury
trial, and in open court, February 14, 1898, agreed to, and
the court set the cause down for, trial March 29, 1898.

It further appears that March 16, 1898, the corporation's
attorneys, having determined that it was unwise to defend
the action or prosecute the counterclaim, wrote to the ap-

pellant that the case would be reached for trial late in March, 1898, and asked what action he would take with reference to the trial; that the appellant thereupon consulted his attorney and directed him to protect his interest; that his attorney was informed that the case would not be taken up until some time in April, 1898; that, without the knowledge of this appellant or his attorney, the corporation, through its attorneys, March 29, 1898, withdrew its counterclaim and suffered judgment to be taken against the corporation for $280 damages, together with costs; that July 5, 1898, the attorneys for the corporation consented in writing that this appellant be, and he thereby was, authorized to appear in the name of the corporation in this action or otherwise, and open such judgment, and defend the action, and take such proceedings in that regard as he might think fit or as might be ordered by the court, at his own expense; that the appellant thereupon prepared his petition, verified July 5, 1898, excusing his neglect and claiming a good defense upon the merits, and July 8, 1898, upon such consent and petition and affidavits of himself and his attorney and Benjamin Hooper, J. W. Cameron, and Henry Sherry, obtained an order to show cause why the judgment so entered should not be set aside and vacated and this appellant permitted to defend; that upon the hearing of that application counter affidavits of the plaintiff and his several attorneys and agents were read, and the motion was finally determined October 11, 1898, when the court ordered that petitioner's motion to open and vacate the judgment, and for permission to defend the action, be, and the same was thereby, denied, with $10 costs, and that the order theretofore granted therein staying proceedings be, and the same was thereby, vacated.

From that order the petitioner, *Seatoft*, appeals.

It is conceded that the court denied the application to open the judgment on the ground that, in the absence of

fraud or collusion, the surety, *Seatoft*, would have had no right to open the judgment where the principal would not have such right, and that in this case there could be no doubt that the principal would have had no standing in court for such a motion.

We all fully concur in the ruling of the trial court. The cause had been pending about three years before the judgment was entered. The appeal on which the undertaking was given was from an order refusing to make the plaintiff's reply to the corporation's counterclaim more definite and certain. That undertaking, so signed by this appellant and Henry Sherry, was an absolute agreement in this same action to pay all costs and damages which might be awarded against the corporation on such appeal, and also the amount of any final judgment which the plaintiff might recover therein, not exceeding $1,000. The corporation and Henry Sherry respectively failed and made an assignment for the benefit of their creditors more than four months prior to the entry of the judgment in question. It is admitted that the plaintiff was also insolvent, and that, twelve days prior to the entry of that judgment, the attorneys for the corporation in this action notified the appellant that, under the circumstances, they deemed it unwise to defend the action or prosecute the counterclaim. Such being the facts, it is manifest that there was no fraud or collusion in allowing judgment to be entered as it was; and it is equally manifest that the corporation was in no position to have such judgment vacated. The statutes requiring undertakings to be given upon appeals are remedial, and should be liberally construed to effect their object. *Sutro v. Bigelow,* 31 Wis. 527; *Smith v. Lockwood,* 34 Wis. 72. This court has expressly held that "where a surety has contracted with reference to the conduct of one of the parties to a suit or proceeding in court, he is concluded by the judgment therein." *Shepard v. Pebbles,* 38 Wis. 373. The same principle has been frequently sanctioned by this

court.  So this court has recently held that, " in the absence of fraud or collusion, the sureties on a probate bond are concluded by the decree of the proper court, rendered upon an accounting of their principal, as to the amount of their principal's liability, even though they were not parties to such accounting." *Meyer v. Barth,* 97 Wis. 352, 355, and cases there cited.  See, also, *Roberts v. Weadock,* 98 Wis. 405; *Krall v. Libbey,* 53 Wis. 292.  The same principle is applicable to this case.  Further discussion is unnecessary.

*By the Court.*— The order of the circuit court is affirmed.