CASE 91—ACTION BY W. T. GRANT, ASSIGNEE OF THE SOUTHERN CON-
TRACT CO. AGAINST ALICE NEWHOUSE AND OTHERS, STOCKHOLDERS,
TO RECOVER DIVIDENDS PAID TO THEM BY MISTAKE.—FEB. 20, 1902.

(Omitted in former reports.)

# Southern Contract Co.'s Assignee v. Newhouse, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, L. AND E. DIV.—STERLING
B. TONEY, JUDGE.

FROM THE JUDGMENT DISMISSING THE PETITION THE PLAINTIFF AP-
PEALS. REVERSED.

ASSIGNMENT FOR BENEFIT OF CREDITORS— STATUTES OF LIMITATION—
LIABILITY OF DEVISEES.

1. The Southern Contract Company declared a dividend on its cap-
ital stock, payable in mortgage bonds of a railroad company,
which were owned by the contract company. This dividend
was paid by the contract company to the stockholders. After-
wards certain debts developed against the contract company and
it being unable to pay same made an assignment for the bene-
fit of its creditors. The assignee instituted this action against
the stockholders to recover the amount of dividends paid them
by mistake of law. This court on appeal, decided that the stock-
holders were liable, and on return of the case to the circuit
court judgment was rendered against the stockholders, includ-
ing appellee. On the petition summons was issued against
"Alice Newhouse, Exec. R. A. Newhouse," but was not served,
as she became a non-resident of the State, and it is insisted
that the filing of the action and issual of the summons was not
a commencement of the action within the meaning of section
2524, Kentucky Statutes, which would stop the running of the
statute of limitation. HELD, that the action was properly com-
menced, and the running of the statute was thereby stopped.
In this action against a devisee the period of five years within
which a devisee may be sued, is extended seven months longer
on account of one month passing when there was no personal
representative and six months when no suit could be brought
against the personal representative. Departure of a defendant
from the State, which prevents the service of process, is such
an "obstruction," within the meaning of section 2532, Ken-

tucky Statutes, as suspends the operation of the statute of limitation. The obligation of the devisee or heir to pay the debt of his ancestor is no new obligation created by statute. Section 2084, Kentucky Statutes, provides for subjecting the property descended or devised so long as it may be in possession of the heir or devisee in specie. These provisions do not make the ancestor's debt the heir's. They merely impose on the property descended or devised, the ancestor's liabilities. These liabilities remain the ancestor's or testator's, their character is not changed by the death of the obligor. Actions to subject the estate descended must be brought on the original liability.

2. Decedent's Estates.—Section 2530, Kentucky Statutes, which provides that no action can be brought against heirs and devisees for debts  of the ancestor after the expiration of seven years from his death and after his estate has been distributed, is applicable only to the state of case when there has been a distribution and division of the estate by virtue of a settlement had with the personal representative under the order of some court having jurisdiction.

GEORGE WEISSINGER SMITH, JOHN B. BASKIN and H. L. STONE, for appellants.

POINTS AND AUTHORITIES.

1. If an action is based on mistake, limitation is suspended during the time the defendant obstructs the action, and that appellant might have attached the non-resident's property does not alter the rule. Kentucky Statutes, 2532, 2515 and 2519; Posten v. Smith's Extrs., 8 Bush, 589; Craig v. Anderson, 96 Ky., 425.

2. There is no new cause of action against the devisee, but only a new remedy. Trustee, Ky., etc. v. Fleming, 10 Bush, 239.

3. Even if the statute did not contain an express exception, broad equity principles would estop the appellee from pleading the statute where her conduct has been such that the plaintiff has been obstructed in the pursuit of his remedy. Am. & Eng. Ency. of Law, vol. 13, p. 736; U. S. v. Wiley, 11 Wal., 508; Braun v. Sauerwein, 10 Wal., 218.

4. The defendant, Jackson & Sharpe Company, being unable to bring Alice S. Newhouse before the court as executrix, has a right in equity to pursue its remedy against her as a devisee. (She having entered her appearance in the action.)   Hagan v. Patterson, 10 Bush, 441.

5. No cause of action arose in behalf of Jackson & Sharpe Com-

pany against appellee until a judgment and a return of, "No property found." Cook on Stockholders, sec. 200 and 225 F.

6. Removing representative. Murray v. Oliver, 3 B. M., p. 1.

FAIRLEIGH, STRAUS & EAGLES, ATTORNEYS FOR APPELLEE.

1. We submit that under the facts appearing in this record the following conclusions are established:

(a) That the cause of action accrued against the testator, Robert A. Newhouse, in May, 1889.

(b) That the action against Alice S. Newhouse individually was not begun until June 29, 1899, the day the amended petition against her was filed.

(c) That the action against Alice S. Newhouse, executrix of the will of R. A. Newhouse, deceased, was not begun until January 26, 1891, the day on which she filed her answer.

2. We have shown conclusively that the action is not only barred in every aspect against Alice S. Newhouse as executrix, but also that it is completely barred against her individually and as devisee.

### AUTHORITIES CITED.

Brant, Assignee, v. Ross, 18 R., 597; Grant, Assignee, v. Southern Contract Co., 20 R., 960; Reynolds v. Stockton, 140 U. S., 255; Revill's Heirs v. Claxon's Heirs, 12 Bush, 558; Brown v. Brown, 91 Ky., 639; Nones v. Taylor & Williams, 91 Ky., 461; Read v. Hamilton, 92 Ky., 619; Hagan v. Patterson, 10 Bush, 441.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

The Southern Contract Company, a corporation, declared a dividend on May 1, 1889, on its capital stock, payable in mortgage bonds of the Louisville Southern Railroad Co., which bonds were then owned by the contract company. This dividend was paid by the contract company to its stockholders. Afterwards certain debts developed against the contract company which had their origin anterior to the date of the declaration of the dividend, and the contract company being unable to pay them, made a general assignment for the benefit of its creditors in October, 1893, to W. T. Grant, assignee.

On the 5th of October, 1893, W. T. Grant, assignee, filed a petition in the Jefferson Circuit Court against the Southern Contract Company and numerous other parties, stockholders of the contract company, seeking to recover from the stockholders severally the amount of the dividend paid to them respectively, on the ground that the declaration of the dividend was unauthorized, because, as alleged, at the time it was made the contract company was insolvent, and the dividend was not declared nor paid out of the profits, and that the contract company had not made any profits.

On October 6, 1895, the plaintiff below, Grant, assignee, filed an amended petition, stating that at the time of the declaration and payment of the dividend the contract company believed that it had sufficient assets, after the payment of the dividend, to pay all of its debts, which was a mistake of fact, and that it believed it had the right in law to declare and pay the dividend, which was a mistake of law, and, further, that the stockholders of the contract company, received the dividend under the like mistakes. Issues were joined, and the case was tried in the circuit court and the petition dismissed. Upon appeal to this court the judgment was reversed. (Grant, Ass'ee v. Ross, etc., 100 Ky., 44, 18 Ky. Law Rep., 597, 37 S. W., 263.)

Upon the return of the case to the circuit court, additional questions were made, and on final hearing the petition was again dismissed, and an appeal was again taken to this court, and the judgment was again reversed. Grant v. Contract Co., 104 Ky., 781, 20 R., 960, 47 S. W., 1091. The case was again returned to the circuit court in 1899, and nothing was left to be done, under the opinion of this court, but to enter several judgments against the respective stockholders for the amount of the dividend shown to have been paid to each of them, respectively. Judgments were accord-

ingly rendered against most of the defendants named as such in the original petition.

In the caption of the original petition, among the numerous names of defendants, this is found: "Alice Newhouse, Exec. R. A. Newhouse." In the body of the original petition is this averment: "The plaintiff says that at the time the said dividend was declared and paid, the following defendants were the owners and holders of the number of shares of such stock following their respective names, to-wit." Here follows a page and a half of names of stockholders, with the number of shares held by each set out opposite the'r respective names. Among these names in the body of the petition is the following: "R. A. Newhouse, 20." Upon this petition a summons was issued against all the defendants named in the caption, including "Alice Newhouse, Exec. R. A. Newhouse." The summons was not served. Mrs. Newhouse became a non-resident after the filing of the original petition. The first question for decision is, was the filing of the action as above stated a "commencement" of an action against appellee as executrix of R. A. Newhouse, so as to suspend the running of the statute of limitations? Section 2524, Kentucky Statutes, is: "An action shall be deemed to have been commenced at the date of the first summons or process issued in good faith from the court or tribunal having jurisdiction of the cause of action." Errors in stating or failing to state matters material to the plaintiff's cause, including misnomer of parties plaintiff or defendant, have been regarded as not affecting the fact of the commencement of action, if it be begun in good faith. If it may reasonably be learned from the petition and exhibits filed that the plaintiff has attempted to set out a cause of action against the persons named, or attempted or intended to be sued, when summons has been issued in good faith on

that petition, the running of the statutes as to the cause is suspended. Otherwise the very purpose and real efficacy of the Code (Civil Code Prac., sec. 134), permitting and requiring amendments of pleadings and proceedings so as to do substantial justice to the litigants in any cause, is nullified. Insurance Co. v. Bland, 19 R., 287, 40 S. W., 670; Railroad Co. v. Bowen, 18 R., 1099, 39 S. W., 31; Turner v. Mitchell, 22 R., 1784, 61 S. W., 468; Jones v. Scott, 5 Ky .Law Rep., 858; Bland v. Kittinger, 10 R., 417, 9 S. W., 301. We are of the opinion and hold that the filing of the petition and issuing summons thereon against "Alice Newhouse, Exec. R. A. Newhouse," begun this action against the estate, so as to suspend the running of the statute of limitations, although the petition was so defective in its averments setting out the nature of the complaint that any judgment rendered on it alone against this estate would have been erroneous.

On June 20, 1899, the assignee filed in this action the amended petition, setting out sufficiently the cause of action against the personal representative of R. A. Newhouse, as well as against Alice S. Newhouse individually. Her individual liability in this case is because that she took under the will of R. A. Newhouse, the deceased stockholder, property of greater value than his liability to plaintiff, and that she had sold it and received the pay, which was in excess of plaintiff's claim. She entered her appearance to the action, her property having been attached on the ground of her non-residence. This was in January, 1900. She pleaded the various statutes of limitation. The original cause of action accrued against R. A. Newhouse May 1, 1889. He died in October, 1891. His personal representative qualified in November, 1891. By section 2528, Kentucky Statutes, it is provided that if a person against whom any action mentioned in the third article of that chapter may be brought dies before

the expiration of the time limited for the commencement thereof, it may be commenced against his personal representative, devisee, heir, or all, after the expiration of that time, and within one year after the qualification of his personal representative; or, if no personal representative, then the action may be brought against his devisee or heir, or both, after the expiration of the time limited, and within two years after the debtor's death. It was the evident purpose of the Legislature to provide against the contingency of one's claim becoming barred by limitation when for some part of the statutory period there was no person in existence whom he had the legal right to sue. Generally, six months must intervene between the date of qualification of the administrator or executor and the commencement of a suit against the estate to recover a debt owing by the decedent. So, if four years and six months had passed at the time of the debtor's death since the right to sue had accrued, and the law forbade a suit against his personal representative during the first six months after his qualification, it must be manifest that the creditor would lose six months of the five years allotted to him by statute if he were not relieved by the section just quoted. To guard against such contingencies, that section was adopted. We conclude that the time within which plaintiff could have sued appellee on her individual liability, under the section, was extended beyond the usual limit of five years, by seven months; one month being allowed during which there was no administrator or executor, and six months when suit could not have been filed against the personal representative. This would extend the time till about December 1, 1894. Mrs. Newhouse became a non-resident of this State "some time between June, 1894, and September, 1894," to use the language of the witness. Did the devisee's change of residence and subsequent con-

tinued absence from the State suspend the running of the statute against her? If it did, the question of limitation is eliminated. Section 2532, Kentucky Statutes, reads: "When a cause of action mentioned in the third article of this chapter accrues against a resident of this State, and he, by departing therefrom or by absconding or concealing himself, or by any other indirect means obstructs the prosecution of the action, the time of the continuance of such absence from the State, or obstruction, shall not be computed as any part of the period within which the action may be commenced. But this saving shall not prevent the limitation from operating in favor of any other person not so acting, whether he is a necessary party to the action or not." Under this statute, and similar ones, it has been repeatedly held by this court that a debtor's absenting himself from the State was such an "obstruction" of the statute as suspended its operation. Ormsby v. Letcher, 3 Bibb., 269; Nunez v. Taylor, 91 Ky., 461, 13 R., 22, 16 S. W., 128; Ridgeley v. Price, 16 B. Mon., 409; Poston v. Smith's Ex'rs, 8 Bush, 589.

The next question is, is the liability sued on embraced in the third article of the chapter of limitations? It is argued for appellee that section 2528, which is in the fourth article of that chapter, creates the liability of the devisee. We think not, for by section 2084 it is stated: "A devisee shall be liable for all debts and liabilities of the testator in the same manner as the heir of the testator would have been liable if the property devised had descended to the heir." Section 2089 provides for subjecting the property descended or devised, so long as it may be in possession of the heir or devisee in specie. These provisions do not make the ancestor's debt the heir's. They merely impose on the property descended or devised the ancestor's liabilities. These liabilities remain the ancestor's or testator's. Their character is

not changed by the death of the obligor. Actions to subject the estate descended must be brought on the original liability. Hopkins v. Stout, 6 Bush, 375; Craig v. Garnett's Admr, 9 Bush, 97; Willis' Admr. v. Roberts' Admr. 90 Ky., 122, 11 R., 929, 13 S. W., 250. The liability of the heir or devisee, so called, as fixed by statute, is not the creation of a new debt or obligation, but the creation of an additional remedy for the collection of an old liability. It is not "a liability created by statute," in the language of section 2515, article 3, of the statute. Trustees v. Fleming, 10 Bush, 239. The very words of section 2528 indicate that the liability is deemed to remain that of the testator or decedent. For it is to be noted that it says: "If any person against whom an action mentioned . . . dies before the expiration of the time limited for the commencement thereof, and the cause of action survives," an action may be commenced against his representatives, real and personal, in order, of course, that his estate—that taken by his personal representative and that devised to his devisee or inherited by his heir—may be subjected to the payment of the ancestor or testator's debt. We therefore hold that the liability in this case, to which the statute applies, is that of the original debtor, R. A. Newhouse, to his corporation, appellant company, and that it is an implied contract to pay back to it the money prematurely distributed by it in dividends May 1, 1889; that the statutory bar of five years, as provided in article 3 of the statute of limitations, applies; that the devisee's liability grows out of, and depends on, the original liability of the testator; and that therefore section 2532, above quoted, as to obstruction of suit, is applicable. Another section of the statute is relied on by appellees, in argument, as fixing the limitation in this case, viz.: "Sec. 2530. No action upon a cause which accrued against a deceased person in his life-

time shall, when his estate has been distributed and divided, be brought against his heirs or devisees, jointly with his personal representative, after the expiration of seven years from his death." We are of opinion that this statute is applicable only to the state of case when there has been a distribution and division of the estate by virtue of a settlement had with the personal representative under the auspices of some court having jurisdiction thereof. Thereby creditors will have been given some constructive notice, at least, of the proposed distribution of the estate, and an opportunity to then present their demands against the estate for settlement. This section reduces longer periods of limitations in such case to the maximum of seven years from the debtor's death. There was no such settlement or "distribution" in this case.

The circuit court dismissed the assignee's petition. The judgment is reversed, and the cause remanded, with directions to enter a judgment in favor of appellant for the sum prayed for.

Petition for rehearing by appellee overruled.