(February 3, 1912.)

# HENRY W. ANTHES, Executor, Respondent, v. WILLIAM A. ANTHES, Administrator, Appellant.

[121 Pac. 553.]

STATUTE OF LIMITATIONS—TOLLING THE STATUTE OF LIMITATIONS—TEMPORARY ABSENCE FROM THE STATE—SUBSTITUTED SERVICE—SUIT BY FOREIGN EXECUTOR—CAPACITY TO SUE—WAIVER.

(Syllabus by the court.)

1.  Under the provisions of sec. 4069, Rev. Codes, if a person be absent from the state when a cause of action accrues against him, the action may be commenced within the time limited by the statute of limitations after his return to the state; and if after the cause of action accrues and the statute begins to run he departs from the state, the time of his absence is not a part of the time limited for the commencement of the action, and this will be true whatever the cause of his absence may have been and whether it be of a mere temporary nature or a change of residence and domicile.

2.  The act of March 13, 1907 (1907 Sess. Laws, p. 321), amending section 4144 of the Rev. Codes and providing a method of substituted service of process upon a resident of this state temporarily absent from his residence or from the state, did not amend sec. 4069, with reference to the running of the statute of limitations in case of the party to be served departing or being absent from the state.

3.  The departure and absence from the state contemplated by sec. 4069 of the Rev. Codes includes any absence, whether temporary or permanent, and any departure from the state from whatever cause, and therefore the nature of the absence or the cause of the departure is wholly immaterial.

4.  As to whether a person appointed under the laws of a foreign state as an executor or administrator of the estate of a deceased person can maintain an action in this state for the collection of a debt due to the estate represented by him without first being appointed as administrator or executor of such estate by a court of this state, discussed but not passed upon, for the reason that it is not considered essential to the determination of the case.

5.  The objection that a person, who has been appointed executor of the estate of a deceased person by a court of a foreign state

and who commences an action in this state to collect a debt due to the estate represented by him, cannot maintain his action in this state without being first appointed by the court of this state as the representative of such estate, goes to the capacity of the plaintiff to sue or maintain his action, and is a ground of demurrer under sec. 4174, Rev. Codes, and if not raised by demurrer or answer, is thereby waived under the provisions of sec. 4178, Rev. Codes.

6. The representative capacity of an executor or administrator and his legal authority to represent the estate for which he is suing goes to the capacity of the plaintiff to maintain the action rather than the sufficiency of the facts to constitute a cause of action.

APPEAL from the District Court of the Fifth Judicial District for Bannock County. Hon. John F. MacLane, Presiding Judge.

Action upon a promissory note. Judgment for plaintiff; defendant appealed. *Affirmed.*

Geo. E. Gray, for Appellant.

The mere temporary absence of a debtor from the state, when such debtor has a usual place of residence therein where service of summons can be had upon him, does not suspend the statute of limitations. (*Blodgett v. Utley,* 4 Neb. 25.)

The courts have held that if personal service of summons could be had on the debtor during his absence, it was the legislative intent that the statute would run during such an absence; and the legislative intent will prevail over a literal construction of the statute. (*Penley v. Waterhouse,* 1 Iowa, 498; *Sage v. Hawley,* 16 Conn. 106, 41 Am. Dec. 128; *Campbell v. White,* 22 Mich. 178; *Ford v. Babcock,* 2 Sand. (N. Y.) 527; *Gilman v. Cutts,* 23 N. H. 376; *Cruikshanks v. Frean,* 3 McCord (S. C.), 84.)

Mere temporary absence of a resident debtor from the state is not such an obstruction as will suspend the statute of limitations. (*Buckley v. Jenkins,* 10 Bush (Ky.), 21; *McDowell v. Underhill,* 10 Bush (Ky.), 584.)

The executor or administrator cannot, as such, maintain a suit in one state by virtue of letters granted in another. (22

Cent. Dig. 2330, and cases cited; *Noonan v. Bradley*, 76 U. S. 394, 19 L. ed. 757; *Johnson v. Powers*, 139 U. S. 156, 11 Sup. Ct. 525, 35 L. ed. 112; *Fugate v. Moore*, 86 Va. 1045, 19 Am. St. 926, 11 S. E. 1063; *Louisville etc. R. Co. v. Brantley*, 96 Ky. 297, 49 Am. St. 291, and note, 28 S. W. 477. See extended note to *Shinn's Estate,* 45 Am. St. 664.)

A. M. Bowen, for Respondent. .

The decided weight of authority in states having statutes similar to ours is to support the view that the question of residence, abode, or having attachable property does not avoid the tolling of the statute, even where constructive service or substituted service may be had. (*Bauserman v. Blunt*, 147 U. S. 647, 13 Sup. Ct. 466, 37 L. ed. 316; *Chicago Ry. Co. v. Cook*, 43 Kan. 83, 22 Pac. 988; *Lane v. Bank*, 6 Kan. 74.)

In Texas, it is held that the Texas statute applies to temporary absence, even for a day. (*Fisher v. Phelps*, 21 Tex. 551; *Phillips v. Holman*, 26 Tex. 276; *Bemis v. Ward*, 37 Tex. Civ. App. 481, 84 S. W. 291. See, also, *Rogers v. Hatch*, 44 Cal. 280; *Parker v. Kelly*, 61 Wis. 552, 21 N. W. 539.)

The objection that a foreign representative cannot sue is waived by the failure to take it at the proper time and in the proper manner. (18 Cyc. 1243.)

If no objection be taken to the legal capacity of a plaintiff to sue either by demurrer or answer, under our code, a defendant waives the same. (Rev. Codes, sec. 4178; *Palen v. Bushnell*, 51 Hun, 423, 4 N. Y. Supp. 63; 34 Cyc. 439; *Valley Lumber Co. v. Dreissel*, 13 Ida. 662, 13 Ann. Cas. 63, 93 Pac. 765, 15 L. R. A., N. S., 299; *Town of Susanville v. Long*, 144 Cal. 362, 77 Pac. 987; *Burton v. Cochran*, 5 Kan. App. 508, 47 Pac. 569; *Meyer v. Barth*, 97 Wis. 352, 65 Am. St. 124, 72 N. W. 748; *Wedel v. Herman*, 59 Cal. 507; *Owings v. Turner*, 48 Or. 462, 87 Pac. 160.)

The exact point involved here was considered in *Wilson v. Wilson*, 26 Or. 251, 38 Pac. 185.

AILSHIE, J.—The first contention made by appellant in this case is that the court erred in finding and holding that

the action was not barred by the statute of limitations (secs. 4030 and 4052, Rev. Codes). The action was prosecuted by the executor of the payee to recover on a promissory note. At the time the action was instituted (March 5, 1909), the note as it appeared upon its face had been barred by the statute of limitations for a period of thirty-five days. In other words, the statutory period of five years had elapsed thirty-five days prior to the commencement of the action. In order to avoid the operation of the statute, the plaintiff alleged that the defendant departed from this state on about the first day of May, 1908, and remained absent therefrom for a period of sixty days. The defendant denied this allegation but admitted that he had been out of the state for a brief period of time, but claimed that his absence was only temporary and that he had all the time maintained a home and a residence within the state and that his wife had continuously resided at his home in this state. The court found that the defendant departed from the state on the first day of May, 1908, and remained continuously absent therefrom for a period of at least forty days, and the court concluded therefrom that the cause of action was not barred by the statute of limitations at the time of the commencement of the action.

Sec. 4069 of the Rev. Codes provides as follows:

"If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

It is under the provisions of the foregoing statute that the trial court held that this action was not barred by the statute of limitations. Appellant contends, however, that under the provisions of an act of the legislature, approved March 13, 1907 (1907 Sess. Laws, p. 321), amending sec. 4144 of the Rev. Codes, providing the manner of serving process, a *temporary absence,* where the party still maintains his residence in the state, does not come within the purview of sec. 4069,

*supra.* The last subdivision of that amendment is as follows: "In all other cases to the defendant personally or by leaving a copy thereof and a copy of the complaint in the cause at the usual place of abode of the defendant with a member of the family over the age of twenty-one years."

Appellant cites the following cases which at least tend to support his contention: *Blodgett v. Utley,* 4 Neb. 25; *Garth v. Robards,* 20 Mo. 524, 64 Am. Dec. 203; *Quarles v. Bickford,* 64 N. H. 425, 13 Atl. 642; *Nunez v. Taylor,* 91 Ky. 461, 16 S. W. 128; *Buckley v. Jenkins,* 10 Bush (Ky.), 21. The Nebraska case seems to be in point, but in Missouri the statute differed somewhat from ours, in that it provided that "if such person departs from and resides out of the state, the time of his absence shall not be deemed or taken as part of the time limited for the commencement of such action." There it was held that the statute did not mean a temporary absence but a change of residence. The same provision seems to have been contained in the New Hampshire statute, while the Kentucky statute contemplates such an absence as amounts to "obstructing the prosecution of the action," and the court accordingly held that such absence must be a change of residence rather than a temporary absence.

A great many authorities are cited by respondent which support the conclusion and judgment of the trial court and are to the effect that any absence, whether temporary or permanent, or whatever the cause may have been, is sufficient to toll the statute and bring the case within the exception provided for by sec. 4069, *supra.* The following are some of the authorities which support this contention: *Lane v. Bank,* 6 Kan. 74; *Chicago etc. Ry. Co. v. Cook,* 43 Kan. 83, 22 Pac. 988; *Bauserman v. Blunt,* 147 U. S. 647, 13 Sup. Ct. 466, 37 L. ed. 316; *Fisher v. Phelps,* 21 Tex. 551; *Phillips v. Holman,* 26 Tex. 276; *Bemis v. Ward,* 37 Tex. Civ. App. 481, 84 S. W. 291; *Rogers v. Hatch,* 44 Cal. 280; *Parker v. Kelly,* 61 Wis. 552, 21 N. W. 539; 19 Am. & Eng. Ency. of Law, 234.

Our statute (sec. 4069) seems perfectly clear to us, and that the legislature did not have reference alone to a change

of domicile or a permanent departure from the state but to any departure which prevents an actual personal service upon the defendant. That is undoubtedly what was meant at the time the statute was enacted, for the reason that there was then no such thing as a substitute for personal service in this state. It was then necessary, in order to serve the defendant, that the service of process be made upon him personally and individually, or constructively by publication, and it could not be left at his residence or with a member of his family. So at the time of the adoption of this statute, any departure from the state for whatever cause or purpose would prevent the personal service of process and prevent the statute running during such absence. When the act of March 13, 1907, was passed, it merely provided a method of *substituted service upon a resident of this state,* but it made no pretense of amending sec. 4069 so as to continue the statute of limitations running during such temporary absence of a resident of the state. In this case the evidence was sufficient to warrant the trial court in finding that the defendant had been absent from the state continuously for forty days, and he was equally justified in the legal conclusion that the statute ceased to run during that period of absence. The cause of action was therefore not barred by the statute of limitations.

The appellant makes the further contention that the respondent herein was a nonresident of this state, and that he received the appointment as executor of the estate he represented under the laws of the state of Wisconsin; and that he had not received any appointment from a court of this state and could not therefore maintain his action in this state merely by virtue of his appointment as executor under the laws of another state. In support of this, counsel cites the following authorities, which seem to amply support his contention: *Dixon v. Ramsay,* 7 U. S. 319, 2 L. ed. 453; *Doe v. McFarland,* 13 U. S. 151, 3 L. ed. 687; *Kerr v. Moon,* 22 U. S. 566, 6 L. ed. 161; *Noonan v. Bradley,* 76 U. S. 394, 19 L. ed. 757; *Johnson v. Powers,* 139 U. S. 156, 11 Sup. Ct. 525, 35 L. ed. 112; *Fugate v. Moore,* 86 Va. 1045, 19 Am.

St. 926, 11 S. E. 1063; *Louisville etc. R. R. Co. v. Brantley,* 96 Ky. 297, 49 Am. St. 291, and note, 28 S. W. 477; *Shinn's Estate,* 45 Am. St. 656, note. Respondent meets this contention by insisting that the objection, even if valid, has been waived by the appellant, in that it was never raised by either demurrer or answer in the lower court and that it cannot be raised for the first time in this court. Under the provisions of our statute, sec. 4174, it is made a ground of demurrer "that the plaintiff has not legal capacity to sue"; and under sec. 4178, it is provided that, "If no objection be taken, either by demurrer or answer, the defendant must be deemed to have waived the same excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action." Now, it is clear from the foregoing provision of the statute that the objection here raised has been waived, unless it goes to the jurisdiction of the court or the sufficiency of the facts pleaded to constitute a cause of action. There can be no question as to the jurisdiction of the court because the party came into the court and subjected himself to its jurisdiction, so that question is at once eliminated. The facts pleaded are also sufficient to constitute a cause of action and, if proven, to entitle the one who pleads them to a judgment. If, however, the party who pleads these facts, as in the case at bar, is not legally and lawfully entitled to maintain the action by reason of never having been duly appointed and constituted the executor and legal representative of the estate he assumes to represent, then the objection is purely one going to the capacity of the pleader to maintain his action. He is in this respect on a parity with a foreign corporation which comes into the state and commences an action and fails to show that it has complied with the constitution and laws of the state so as to give it a legal status in this state and entitle it to a hearing before the courts of the state.

In *Valley Lumber Co. v. Driessel,* 13 Ida. 672, 13 Ann. Cas. 63, 93 Pac. 765, 15 L. R. A., N. S., 299, this court, dealing with the question of the capacity of the plaintiff to maintain its action as distinguished from the sufficiency of the facts

pleaded, said: "A corporation or individual may have a good cause of action and still have not the capacity to sue; and may have capacity to sue and no cause of action." On the general question of want of capacity to sue, see *Pratt v. Northern Pacific Ry. Co.,* 13 Ida. 373, 121 Am. St. 268, 90 Pac. 341, 10 L. R. A., N. S., 499; *Meyer v. Barth,* 97 Wis. 352, 65 Am. St. 124, 72 N. W. 748; *Wedel v. Herman,* 59 Cal. 507; *Owings v. Turner,* 48 Or. 462, 87 Pac. 160; *Wilson v. Wilson,* 26 Or. 251, 38 Pac. 185; 34 Cyc. 439.

The failure of the appellant to raise the issue of respondent's capacity to sue, either by demurrer or answer, was a waiver of that objection, and it cannot now be raised for the first time on appeal. The judgment of the trial court should be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Stewart, C. J., and Sullivan, J., concur.