CASE 7—PETITION EQUITY—OCTOBER 14.

# Grant, Assignee, v. Ross, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. CORPORATIONS—DISTRIBUTION OF ASSETS—MISTAKE.—Assets distributed among the stockholders of a corporation under the mistaken belief that enough would remain for the payment of the debts of the corporation may be recovered by the corporation or by its assignee, if the deed of assignment is sufficiently comprehensive to embrace them; and the fact that the stockholders authorized and directed the Board of Directors to make the distribution does not change the rule.

2. DIRECTORS.—It is alone the business of the Board of Directors of a corporation to declare dividends and control the distribution of profits.

THOS. W. BULLITT AND ST. JOHN BOYLE FOR APPELLANTS.

1. Where a corporation declares a dividend and it is paid to and received by the stockholders in good faith, believing that the corporation was solvent, the money so paid can be recovered by the corporation or its assignee, if the deed of assignment passes the right. Underwood v. Brockman, 4 Dana, 309; Ray v. Bank of Kentucky, 2 B. Mon., 513; Gratz v. Redd, 4 B. Mon., 178; Railroad Co. v. Bridges, 7 B. Mon., 556; Lexington Ins. Co. v. Page, 17 B. M., 412; Slayden v. Seip, 25 Mo. App., 439-446.

2. Stockholders of a corporation have no right to declare a dividend nor direct the directors to do so. Cook on stockholders, secs. 534-545; Eng. Ency. of Law, 725; Hoyt v. Thomson's Ex'rs, 19 N. Y., 216.

STONE & SUDDUTH FOR MASON, GOOCH & HOGE CO., GEO. W. WADDY & CO., AND JACKSON & SHARPE CO.

1. Dividends declared by directors of a corporation and received by the stockholders, if illegally declared under a mistake as to the right to declare them, may be recovered by the directors, and that right passes to the assignee when the terms of assignment are sufficient to embrace it. Lexington Life, Fire and Marine Ins. Co. v. Page, &c., 17 B. Mon., 412; Gratz v. Redd, 4 B. Mon., 189.

2. Dividends which impair the capital stock are illegal and can be recovered back from stockholders by the corporation or its creditors after having obtained judgment and return of nulla bona. Cook on Stock and Stockholders, &c., vol. 1, secs. 548-9; Osgood v. Laytin, 3 Keyes (N. Y.), 521; Minn., &c., Company, v. Langdon, 46 N. W. Rep. (Minn.), 310.

SWAGER SHERLEY FOR APPELLEES.

1. The corporation is, by virtue of the vote of its directors, and the almost unanimous vote of its stockholders, authorizing and directing the distribution of the bonds, and the subsequent distribution of them among all the stockholders, estopped from reclaiming the bonds or their equivalent. Morawetz on Corp., vol. 1, secs. 1 and 290; 112 U. S., 414; 130 U. S., 630; 13 Fed. Rep., 760; 22 Pac. Rep., 954; Kenton, &c., Co. v. McAlpin, 5 Fed. Rep., 744; Hollins v. Brierfield, &c., Co., 150 U. S., 385; Life Ins. Co. v. Swigert, 135 Ill., 150; 96 Cal., 322; 105 U. S., 153; 34 Minn., 91.

2. The rule of law that where money has been paid under a clear and palpable mistake of either law or fact essentially bearing upon and affecting the contract, without cause or consideration, and which, in law, honor or conscience was not due and payable, may be recovered back, is not applicable to this case, because in this case there was a valuable consideration.

3. The assignee of a corporation, under its voluntary deed of assignment for the benefit of creditors, has no greater right to recover these bonds or their equivalent than the corporation had. Burrell on Assignments, sec. 110; Amer. & Eng. Enc. of Law, vol. 1, p.854; Brownell v. Curtis, 10 Paige, 210; Maiders v. Culver's Assignee, 1 Duvall, 165; Leach v. Kelsey, 7 Barb., 466; 39 Barb., 192; Van Dyke v. Cherist, 7 W. & S., 373; Esterbrook v. Niessersmith, 18 Wis., 545; Jones v. Yates, 9 B. & C., 532; Flower v. Cornish, 25 Minn., 473.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT:

By reason of its insolvency the Southern Contract Co. in 1893 executed a deed of assignment for the benefit of its creditors, by which it conveyed to the appellant its entire property, including all claims, demands, choses in action, and right of reclamation against any and all of its stockholders and debtors.

Thereupon this suit was brought by the assignee

against the stockholders of the company to recover assets of the corporation, which had been distributed among the defendants when it was insolvent and largely indebted.

This distribution was not alleged to have been fraudulently made, but, on the contrary, the dividend was declared and distribution made, it is averred, under a mistaken belief on all sides that sufficient assets would remain to discharge all corporate debts.

While other issues are tendered in the answer of the stockholders, it seems conceded that if the defense set up in the third paragraph be held good the plaintiff can not recover.

This is substantially to the effect that the distribution complained of was not the act alone of the board of directors of the company, but was also the act of the company itself; that the stockholders immediately before the distribution made a thorough examination of the financial condition of the company, and found thereby and declared it to be solvent, with a large surplus of capital stock and assets over all liabilities, and for that reason the stockholders, at a meeting held for that purpose, authorized and directed the board of directors to distribute the funds in dispute.  A demurrer to this defense was overruled, and the plaintiff declining to plead further the petition was dismissed.

The first question presented is whether or not plaintiff can maintain this suit.

We have seen that express authority is given the plaintiff by the deed to sue for demands, reclamations,

etc., against the stockholders, and the question, therefore, is, could the company have brought such a suit?

In Lexington L. F. & M. Ins. Co. v. Page, &c., 17 B. M., 412, it was held that dividends declared by the directors and received by the stockholders may be reclaimed by the directors if illegally declared under a misapprehension of the right to declare them; and if there be an assignment by the corporation to a trustee, such right to reclaim dividends improperly declared and paid passes to the assignee if the terms of the assignment are sufficiently comprehensive to embrace them.    It was there said to be well settled that "if dividends were made under a misconception on the part of the directors of what constituted profits, and under a belief that there were profits to divide, when in fact there were none, they might be reclaimed, because the stockholders who received them were not entitled to them, and they had been paid over and received under the operation of a mutual mistake."    See also Gratz v. Redd, 4 B. M., 191; 3 Thompson's Law of Corp., section  3555;  Cook on Stock and Stockholders, volume 1, sections 548-9.

The petition, therefore, presents a good cause of action.

It is said in the answer, however, and this presents the only remaining  question, that  because  the stockholders  authorized  and  directed  the board to make the payment the company itself acted, and the rule announced by the authorities cited does not apply. We do not appreciate this reasoning.   It is impossible to give a different effect to the mistake  of  the  stock-

holder when he acts in his individual capacity in receiving the dividend, and to the mistake of all the stockholders when they act in their official capacity in giving the direction to the board.

It is the mutual mistake which the law seeks to rectify, and the form or manner of its commission is immaterial. The stockholder neither in his individual nor corporate capacity can do a wrong even by mistake and take advantage of it. Moreover, the resolution of the stockholders was to no purpose, as it is alone the business of the board of directors to declare dividends and control the distribution of profits. 1 Waterman on Corp., section 124; Hoyt v. Thompson's ex'ors, 19 N. Y., 216.

Judgment reversed for proceedings consistent herewith.