SCHELL v. ALSTON MFG. Co. et al.

(Circuit Court, N. D. Illinois, E. D. September 19, 1906.)

No. 28,111.

1. CORPORATIONS—STOCKHOLDERS' ACTIONS—PARTIES—JOINDER.

In a suit by a stockholder of a corporation to obtain an accounting as to certain corporate transactions, the reissue of smaller stock certificates,

ratification of an issue of stock dividends by the corporation, and other relief, there was no such community of interest between the corporation and its president and secretary as authorized their joinder, in the absence of fraud, as parties to the suit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 719.]

2. PLEADING—FACTS OR CONCLUSIONS—FRAUD.

In a suit against a corporation and its president and secretary, it is insufficient that the bill charge that the acts complained of were fraudulent without the allegation of facts showing fraud.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 721: vol. 39, Cent. Dig. Pleading, § 28½; vol. 23, Cent. Dig. Fraud, § 37.]

3. SAME—ACTS OF OFFICERS.

The fact that an officer of a corporation insisted that there was a lien against complainant's stock, or that his stock was worth less than par, and that the surplus of the corporation was less than it really was, could not subject the corporation to a charge of fraud or conspiracy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 1685–1692.]

4. EQUITY—BILL—MULTIFARIOUSNESS.

A bill by a stockholder against a corporation and its president and secretary charged certain alleged misconduct of such officers, and prayed for an accounting, the reissue of smaller stock certificates, ratification of an issue of stock dividends by the corporation, the issue of another stock dividend from the surplus, an accounting of damages incurred, that complainant's stock be declared free from any lien, that defendants be enjoined from selling additional stock, and that a receiver be appointed for the corporation. Held, that the bill was multifarious, both as to parties and subject-matter.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, §§ 340–367, 371.]

5. CORPORATIONS—STOCK DIVIDENDS—DECLARATION—DIRECTORS—DISCRETION.

The declaration of a stock dividend from the surplus of a corporation is within the discretionary powers of the directors, and will not be controlled by the court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 585.]

6. SAME—ISSUANCE OF STOCK—MANNER AND FORM.

A demand of a stockholder of a corporation to have 25 shares of his stock issued in 25 certificates calling for one share each was unreasonable, and it was not therefore improper for the corporation to refuse to comply.

Thomas C. Clark and Howard & Howard, for complainant.
John Stuart Roberts and Elbert C. Ferguson, for defendants.

KOHLSAAT, Circuit Judge. The bill herein alleges that defendant company is a corporation of Illinois, and that the other defendants, Levy and Holabird, are, respectively, president and secretary thereof. It further appears that complainant is a stockholder and former employé 'thereof; that originally he owned 50 shares of the company's stock; that he, as such stockholder, voted to increase the stock of the corporation from $100,000 to $200,000; that $50,000 of such increase was to go to the stockholders as a stock dividend; that the remaining $50,000 of stock was to be offered to the stockholders, and, if not taken by them, then to be placed in the market. Complainant further al-

eges that he voted for such additional stock on said terms under the impression, conveyed to him by the said individual defendants, that there was a surplus of only $50,000; that he gave notice of his refusal to take any of the new issue not paid for by his share of the surplus; that he received 25 shares of the new stock as his stock dividend, after a considerable delay, certain of the defendant corporation's officials insisting that the same was subject to a lien for the price of the complainant's proportionate share of the remaining $50,000 of stock; and that the directors and stockholders have not officially ratified the issue of stock under the increase. The bill further charges, on information and belief, that the surplus was in fact not less than $80,000, and that $30,000 surplus still remains, of which he is entitled to his share, either in stock or money; that complainant was deceived by certain officials in consenting to the said agreement for the $100,000 new stock; that certain of the corporation officers have tried to get his stock for less than par. He also charges that he has not been permitted properly to examine the corporation books; that he made application to have his 25-share certificate split up into 25 certificates, and his 50-share certificate split up into 10 5-share certificates, which was refused, whereby he lost sales of stock; that by selling the last $50,000 of the new stock his share of the surplus, $30,000, would be prejudiced; that defendants and others are conspiring to wrong and injure him. He therefore prays (1) for an accounting as to corporation's transactions; (2) the reissue of smaller stock certificates; (3) ratification of said issue of stock dividends by the corporation; (4) that a stock dividend be issued to him for any surplus in excess of $50,000; (5) that he have an accounting and decree as to his damages incurred; (6) that his stock be declared free from such lien; (7) that defendants be enjoined from selling the additional $50,000 of stock; (8) that a receiver be appointed to wind up the corporation.

To the bill defendants demurred generally and upon the following special grounds: (1) Want of jurisdiction as to amount and because of a remedy at law; (2) multifariousness as to parties and relief, sought; (3) that, in the absence of action by directors, no further dividend can be made; (4) want of compliance with equity rule 94; (5) that the directors are not in such case answerable to a stockholder; (6) nor to the court. It is apparent that, in the absence of fraud on the part of the defendants, there is no such community of interest between the defendants as would justify their joinder in this proceeding; nor is it sufficient that fraud be charged in the bill. The facts must be stated. Certain letters and acts of the individual defendants and others are set out which utterly fail to furnish a satisfactory foundation for the charge of fraud. At best, they are the expressions of opinions only, and form no ground for the allegation of conspiracy. Within certain limits, officers of a corporation as individuals may speak for their corporation, but beyond that they have no power to commit it to any course of action. The mere fact that some officer of the corporation insisted that there was a lien against the complainant's stock, or that his stock was worth less than par, or that the surplus was less than it really was, cannot subject the corporation to a charge of fraud

or conspiracy. In its affairs a corporation acts through its directors. But, were it otherwise, the facts stated fail to support the charge.

It would, indeed, be a short road to summary relief, could the complainant in the same proceeding combine all the demands above enumerated. No conspiracy being shown, it cannot be claimed that each of the defendants is liable for the acts of the other. Both as to parties and subject-matter the bill is multifarious. The main point in the bill consists in complainant's demand that he receive the benefit of the surplus in excess of $50,000. To give him his share of this in the form of a further stock dividend would be the declaration of a dividend from the surplus. This is within the discretionary powers of the directors, and will not be controlled by a court. Beveridge v. N. Y. El. Ry. Co., 112 N. Y. 1, 19 N. E. 489, 2 L. R. A. 648.

In Cook on Corporations (5th Ed.) § 545, it is said:

"The board of directors declares the dividends, and it is for the directors, and not the stockholders, to determine whether or not a dividend shall be declared"—citing Hunter v. Roberts, etc., Co., 83 Mich. 63, 47 N. W. 131; Grant v. Ross, 100 Ky. 44, 37 S. W. 263.

It is there further stated:

"When, therefore, the directors have exercised this discretion, and refused a dividend, there will be no interference by the courts with their decision, unless they are guilty of a willful abuse of their discretionary powers, or of bad faith, or of a neglect of duty. It requires a very strong case to induce a court of equity to order the directors to declare a dividend, inasmuch as equity has no jurisdiction unless a fraud or breach of trust is involved."

See, also, section 539, same author. To the same effect are many adjudicated cases. There is no such case made by the bill in this suit.

The manner in which stock shall be issued is, generally speaking, a matter for the discretion of the directors under the by-laws. In the absence of any such requirement, there must exist a right in the stockholder, within reason, to have his holdings in such amounts as he may desire. To have 25 shares issued in 25 certificates calling for one share each does not on its face seem reasonable, nor can the court assume that it is reasonable. It is a matter of common knowledge that it is such a cumbersome method as would justify the directors in declining to permit it, in the absence of a by-law requiring it. The bill in that respect does not appeal to the judgment of a court of equity.

Undoubtedly, in a proper case, complainant would be entitled to examine the books. In view of what is said above, that matter is not before the court at this time. Were the bill in other respects unobjectionable, the jurisdictional allegations would be such as to invest this court with power to adjudicate the questions raised.

The demurrer is sustained.