LAWSON C. HOLDEN, JUDGE OF PROBATE, v. JOSEPH
LATHROP.

*Executors and administrators — Accounting — Conclusiveness of
decree—Action on bond.*

1. On the settlement of an executor's *final* account on the *merits*,
   the probate court fixed the amount due a legatee, and ordered its
   payment, from which decree no appeal was taken. Afterwards
   an application was made by the legatee for leave to sue the
   executor's bond, personal notice being given to his surety, who
   did not appear. Leave was granted and suit brought, and the
   surety on the trial made an effort to attack the correctness of the
   decree made on the accounting.

   *Held*, that, as nothing appeared in the probate proceedings to
   put in question the jurisdiction of the probate court to make
   such decree, it could not be thus collaterally attacked. *Clark v.
   Fredenburg*, 43 Mich. 263.[1]

2. *Clark v. Fredenburg*, 43 Mich. 263, held not to decide that the
   defendant in a suit on an executor's bond is precluded, by failing
   to resist the application to bring such suit, from resorting to any
   legal defense against the decree of the probate court made on
   settlement of the executor's account.

Error to Wayne. (Jennison, J.) Argued April 12, 1887.
Decided April 28, 1887.

Assumpsit on executor's bond. Defendant brings error.
Affirmed. The facts are stated in the opinion.

*Moore & Moore*, for appellant.

*Hanchett & Stark*, for plaintiff.

CAMPBELL, C. J. Defendant was sued as bondsman for
George N. Lathrop, executor of Helen L. Lathrop, under
whose will a preferred legacy was given to her son, John N.

[1] See *Grady v. Hughes*, 64 Mich. 540; *Schlee v. Darrow Estate*, 65
Id. 363 (head-note 8).

Derby. May 7, 1883, the guardian of John N. Derby having cited the executor to account, and his account having been put in, and he having appeared during a part of the hearing, and then absconded, the probate court settled the account in Derby's favor for $5,177, to be applied on his legacy. No appeal was taken or asked against this judgment.

On the sixteenth of October, 1883, application was made to the judge of probate for leave to sue the bond, and an order was made for the hearing of such application, to be had November 10, 1883. Personal notice was given to defendant, and publication was made for the executor. Defendant did not appear, and made no objection to suing the bond, and leave was granted, and the suit resulted in a judgment against defendant for the amount fixed.

Upon the trial of this action an effort was made by defendant to attack the correctness of the judgment in the probate court, and a claim is also made that certain lands which had been sold by the executor were liable for the legacy, and should be treated as assets in the hands of the new administrator, to be first resorted to.

We do not understand what is meant by this last proposition. The legacy to Derby was a cash legacy, and the executor had power to sell lands to raise it, under the express terms of the will. The sales were valid, so far as the record shows. Whether the existence of such lands would stand in the way of enforcing the decree we need not consider, although it is not shown very clearly how this would be important.

There is nothing appearing in the probate proceedings to put in question the jurisdiction of the probate court to make the order on the accounting, and to include all that was in fact included. This being so, the attempt is now made to attack this judgment collaterally on the merits. This it was held in *Clark v. Fredenburg*, 43 Mich. 263, cannot be done. We do not consider it decided by that case that defendant

would be precluded, by not resisting the application to sue the bond, from resorting to any legal defense against the probate decree. But no such defense appears in the probate records, and that order, unless fraudulently obtained, could only be altered on appeal. When application was made to sue this bond, defendant had still six months in which to apply for leave to appeal, and it is not to be supposed leave would have been refused upon a sufficient showing. He could also, if any fraud or collusion existed, have made that the basis either of such an application or of some equitable proceeding. Having been notified what was claimed, and having made no attempt for relief in the proper way, he has now no grounds for relief in this action, on which the issue is plain and single. The payment of the probate judgment is within the exact conditions of his bond.

As there was no attempt to show fraud or collusion between the guardian and the executor, we need not consider whether such an issue could be raised at law. No such defense was pleaded, and there is no testimony having any tendency to show it.

The judgment should be affirmed.

The other Justices concurred.