KENT PROBATE JUDGE, *for use of* HEANEY, *v.*
AMERICAN EMPLOYERS INS. CO.

1. Judgment—Res Judicata—Principal and Surety—Bond of Co-
   administrator.
     Liability of surety in action on its bond of coadministrator of
     the estate of a deceased person *held*, not dependent upon any
     application of the doctrine of *res judicata* where surety was
     not heard, not represented in, nor a party to final accounting
     proceedings wherein the liability of its principal was deter-
     mined.

2. Principal and Surety — Coadministrator's Bond — Final Ac-
   count—Partnerships—Evidence.
     In action to determine liability of surety on bond of coadminis-
     trator of the estate of a deceased person, who was the son and
     partner of deceased, surety *held*, entitled to introduce evidence
     to show that final account of alleged assets of estate embraced
     partnership assets which statute requires to be administered by
     surviving partner, not administrator of deceased partner's es-
     tate (2 Comp. Laws 1929, § 9869 *et seq.*).

3. Same — Judgment Against Coadministrator — Partnerships— Finding of Court—Evidence of Partial Liability.

  Finding that surety was liable for net balance of but $404.10 of judgment of $1,759 against coadministrator of estate of deceased person, who was a son and partner of deceased in the operation of drug stores *held,* free from reversible error under evidence presented showing liability of coadministrator was based but in part upon his obligation to administer assets of the estate which was the sole obligation upon which surety was liable.

4. Executors and Administrators—Final Account—Liability of Surety on Bond of Coadministrator—Partnerships.

  Validity of order of probate court allowing coadministrator's final account, filed after creditors of estate sought his removal, *held,* not material to determination of liability of surety on coadministrator's bond where, unknown to probate court, some assets included in the account and inventory were not assets of the estate, the surety being liable merely for fulfillment of coadministrator's failure to ''administer according to law all the goods, chattels, rights, credits and estate'' of deceased and surety's assertion that account as allowed was not a correct charge upon it was not a collateral attack upon the probate court order.

Appeal from Kent; Verdier (Leonard D.), J. Submitted January 11, 1938. (Docket No. 87, Calendar No. 39,847.) Decided February 24, 1938.

Assumpsit by Clark E. Higbee, Kent probate judge, for use of Robert C. C. Heaney, administrator of estate of John C. Dutmers, deceased, against American Employers Insurance Company and Cornelius J. Dutmers on an administrator's bond. From judgment for plaintiff in an alleged insufficient amount, he appeals. Affirmed.

  *McCobb & Heaney,* for plaintiff.

  *Earl F. Phelps,* for defendant Insurance Company.

  Bushnell, J. After the death of John C. Dutmers in 1932 the probate court for the county of Kent ap-

pointed deceased's son, Cornelius J. Dutmers, and
Robert C. C. Heaney, an attorney at law, as coad-
ministrators of his estate. Defendant American
Employers Insurance Company became surety on
the bond of the administrators. The bond recites
that the principals "shall administer according to
law all the goods, chattels, rights, credits and estate
of said deceased," and "shall perform all orders
and decree of said court, by the said administrator,
to be performed in the premises."

The inventory, filed on March 14, 1933, stated that
the deceased's estate consisted of three parcels of
real estate, cash, rent accounts receivable, some
household goods, and the stock of goods, fixtures
and accounts receivable of three drug stores. Two
of the parcels of real estate were being purchased
on land contracts and the stock and fixtures of two
of the drug stores were incumbered by a chattel
mortgage in one instance and a title-retaining con-
tract in another.

In December, 1933, certain creditors filed a peti-
tion for the removal of coadministrator Dutmers,
charging him with the misappropriation of funds of
the estate. This petition was heard and Dutmers
subsequently filed his resignation. He did not, how-
ever, render his final account and, in May, 1934,
Heaney filed an individual account which was al-
lowed "subject to any change in the liability of Cor-
nelius J. Dutmers which he may establish upon the
hearing on his final account." Dutmers later filed
his final account covering the period from February
17, 1933, to June 8, 1934, and the probate court found
that he was indebted to the estate in the net amount
of $1,622.66. It appeared that Dutmers had collected
some rentals and had used other funds of the estate
amounting to $2,172.66, and the probate court al-
lowed him a credit of $350 for his fee as coadminis-

trator and $200 as compensation for his services as a druggist in the operation of the business previously referred to. The amount due from Dutmers to the estate was not paid and the probate court directed Heaney, the surviving administrator, to institute a suit in the circuit court against Dutmers and his surety. Upon the trial of that cause it developed that, although the property located in the various drug stores and certain real estate being purchased on land contract were inventoried and accounted for as a part of the deceased's estate, they were, in fact, partnership assets, owned by the deceased and his son, Cornelius, the coadministrator. Inquiry being directed to this situation, Heaney stated, on cross-examination:

"The store on Giddings originally belonged to Henry Dutmers, one of John's sons, where John furnished the money to get Henry started, and after Henry's death the partnership of John and Cornelius Dutmers sort of took that in without any formal determination of ownership, and so at the time I first came into the estate, it was included in the inventory as being part of the assets of the deceased. It was so involved financially that in dividing the assets of the estate we show it as all belonging to the creditors. We put it in the estate of the deceased for the purpose of liquidation to turn the proceeds over to the creditors.

"My office drew up the inventory, which was sworn to by both Mr. Dutmers and myself."

Dutmers testified:

"Mr. Heaney told me I had no right in the store because it belonged to creditors. * * *

"When father died the partnership was in debt to a considerable extent. I cannot say definitely but it was around $15,000 or $16,000. At the time of his death I was paying those debts at the rate of about

$200 per month from partnership funds. Up to the time that Mr. Heaney took charge, I was putting the rents from the building into the partnership account, which was up until Mr. Brown did the bookkeeping. After that I turned them over to Mr. Brown who turned them over to Mr. Heaney. That continued up to December 2, 1933, after which I didn't turn them over to anyone."

During the administration of the estate, Dutmers filed a claim against the estate for moneys he said were advanced by him. In explanation thereof, he said in the circuit court:

"The building at 35 South Division was used as partnership property from April 29, 1922, until the business was discontinued June 9, 1934. During that entire time the funds from the building were put into the partnership, and the expenses were paid by the partnership. I included some of the things in the inventory on advice of Mr. Heaney, who was then acting as my legal advisor and as attorney for Annis and Heaney for the estate. I paid no funds directly to the Michigan Trust Company on the building. I put money into the partnership account as follows:

"March 10, 1928, $692.53, part of a deposit of $787.18 made on that date;

"December 29, 1928, $1,000, I borrowed from National Life Insurance Co.;

"August 29, 1930, $500, I borrowed from National Life Insurance Co.

"Those were the items referred to in my claim filed against the estate which Mr. Heaney brought out a little while ago. In filing my claim for $2,000 for the stock borrowed from my sister I acted under legal advice from Mr. Renihan. I did not know at that time whether the partnership assets belonged to the surviving partner or to the administrator of the estate of the deceased partner."

The record does not contain the answer filed by appellee insurance company to plaintiff's declaration and we can only assume the nature of its defense from that portion of the testimony shown in the record, the statements of fact contained in the court's opinion, and the arguments in the various briefs.

The circuit judge, sitting without a jury, filed a written opinion in September of 1935, in which he said:

"That the order of the probate court is binding upon the defendant Dutmers, but not upon his surety, and that plaintiff is not, therefore, entitled to recover the full amount of his claim in the present state of the proofs. In view of the fact that there is an apparent liability of both principal and surety and this conclusion decides merely a technical question as to the proof required, the ends of justice will be served by allowing costs to the defendant surety and by ordering the case reopened to permit plaintiff to offer further proof to establish liability."

An order was entered in conformity to this finding. Further proofs were then taken and a second opinion was filed on December 21, 1935, in which the trial judge held that certain changes should be made in the computation of the liability of Cornelius J. Dutmers, which resulted in the entry of a judgment against Dutmers individually in the sum of $1,759. The court held, however, that, because property had been included in the inventory of the estate that should have been treated as belonging to the partnership and administered by the surviving partner, the liability of the surety was in a lesser amount because, said the court:

"The bond signed by the surety limits its obligation to the 'goods, chattels, rights, credits and estate

of said deceased,' and cannot be stretched to include property that did not belong to deceased but was owned by a partnership of which deceased was a member.''

The surety's liability was fixed by the circuit court as $727.06, which, after an adjustment of the fees allowed to Dutmers by the probate court, left a net balance of $404.10, in which sum judgment was entered against it and paid.

Plaintiff Heaney is the only party appealing from this judgment. He claims that the order of the probate court, allowing the final account of Cornelius J. Dutmers, was *res judicata* of the surety's liability on Dutmer's bond; that the probate court files and records are conclusive proof of what the assets of the estate are and that the findings of that court cannot be attacked in a collateral proceeding by the surety.

Questions regarding the sufficiency of notice to the surety and publication of the final account are also raised but need not be decided because of our view of the controlling question in the case.

The liability of the surety is not dependent upon any application of the doctrine of *res judicata*. Defendant American Employers Insurance Company was not heard or represented in, nor was it a party to the final accounting proceedings wherein the liability of its principal was determined. The only question involved is: What is the contractual undertaking of the surety? See *Grady* v. *Hughes*, 80 Mich. 184; *Robbins, for use of Wood,* v. *Burridge,* 128 Mich. 25; *People, for use of Clinton,* v. *Laning,* 73 Mich. 284; *Holden* v. *Lathrop,* 65 Mich. 652; *Sauer* v. *Detroit Fidelity & Surety Co.,* 237 Mich. 697 (51 A. L. R. 1485).

It is true that defendant surety company obligated itself to secure performance by its principal,

Dutmers, of "all orders and decrees of said (probate) court * * * in the premises." However, it is important to emphasize that this provision is limited to "all orders," et cetera, *"in the premises;"* and the broad language of this obligation must be further construed in the light of the other condition of the bond quoted, *supra,* that Dutmers "shall administer *according to law all* the goods, chattels, rights, credits and estate *of said deceased,"* et cetera. It was permissible for the surety to introduce evidence to show that the order entered by the probate court did not come within the obligations of the bond; that, in part, the order was based upon Dutmers' mishandling of assets which were not, in fact, assets "of said deceased," but were, instead, assets of a partnership of which the deceased was a member, and, therefore, the order was not entirely confined to "the premises." See *Russell* v. *Wheeler,* 129 Mich. 41; *Webber* v. *Detroit Fidelity & Surety Co.,* 263 Mich. 144. Under the statute (2 Comp. Laws 1929, § 9869 *et seq.*), partnership assets are to be administered by the surviving partner and not by the probate court which exercises jurisdiction over the administration of the deceased partner's estate. *Merritt* v. *Dickey,* 38 Mich. 41, and *Heap* v. *Heap,* 258 Mich. 250.

Since, therefore, the liability adjudged by the order entered by the probate court did not come within the terms of the surety's contract, it was necessary for the circuit court to take testimony in order to determine the surety's liability on the general condition of its bond that its principal "shall administer according to law," et cetera. *Perkins* v. *Cheney,* 114 Mich. 567 (68 Am. St. Rep. 495). The findings of the circuit judge on this issue are in accord with our views and, in our opinion, are free from any reversible error.

It may be that the order entered in the probate court was valid in a jurisdictional sense, even though, unknown to the probate court, some assets included in the account and inventory were, in fact, not assets of the estate. *Peninsular Savings Bank* v. *Ward,* 118 Mich. 87, 94; but the fact that the order may be valid is not material in this instance in determining the surety's contractual liability.

*Holden* v. *Lathrop, supra,* is cited as authority to the contrary. In that case the surety questioned the *correctness* of a probate order allowing an executor's account in which the latter was charged with a defalcation. This court held in that case that: "The payment of the probate judgment is within the exact conditions of his bond." Here, the surety does not question the *correctness* of the probate order of which it did not have notice, but contends that the indebtedness of its principal includes matters not within the conditions of its bond. The defense is not a collateral attack upon the probate order but rather raises an issue as to defendant surety's responsibility for its performance. Similar distinctions may be drawn between the instant case and *Gill* v. *Backus,* 108 Mich. 417, and *Dudley* v. *Conely,* 125 Mich. 300.

The judgment entered in the circuit court is affirmed, with costs to appellee American Employers Insurance Company.

BUTZEL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred with BUSHNELL, J.

WIEST, C. J., concurred in the result.