ESTATE OF CHRISTOPHER: DAVIES, Guardian, Appellant, vs. CHRISTOPHER and another, Administrators *de bonis non,* Respondents.

*September 10—October 8, 1940.*

The cause was submitted for the appellant on the brief of *James E. Coleman* of Milwaukee, and for the respondents on that of *J. Charles Pile* of Dodgeville.

ROSENBERRY, C. J.  Hans Christopher died testate on April 5, 1937.  By will dated December 10, 1934, he left all of his property to his wife, Caroline Christopher.  The will was duly admitted to probate and letters testamentary were issued on September 18, 1937, to John M. Reese, as executor.  A claim amounting to $2 was the only claim against the estate.  An inventory was filed, unsigned and unverified, and on the 11th day of May, 1937, appraisers were appointed.  The inventory included the assets in controversy in this case which were duly appraised and the appraisal returned to the county court.  Nothing further seems to have been done in the estate until April, 1938, when the widow and sole legatee petitioned the court for the removal of John M. Reese on account of incapacity. The petition was duly brought on for hearing, the petitioner being represented by her attorney and the executor by his attorney.  In open court all parties consented and stipulated that John M. Reese be removed because by reason of illness he was incapable and unsuitable to discharge his trust as executor.  Thereupon the widow petitioned the court that Roy Christopher and Mabel Butteris, respectively son and daughter of the deceased, be appointed coexecutors, and on

May 4, 1938, it was ordered that letters of administration *de bonis non* with the will annexed be issued to them; they duly qualified as administrators *de bonis non*.

On July 29, 1938, Mildred Reese Davies petitioned the court to allow the final account of John M. Reese, executor of the estate of Hans Christopher. According to the petition the assets of the estate amounted to $3,702.95. The matter of accounting coming on for hearing, the court surcharged the account and found that there was a balance due and owing in the sum of $2,740.50. On behalf of the executor it is contended that the court erred in surcharging the account with the following items:

(a) The savings account in the First National Bank in the name of Hans Christopher and Caroline Christopher, his wife, or the survivor. (This item includes $49.34 interest) . . . . . . . . . . . . . . . .$1,516.85

(b) Money advanced by Caroline Christopher, widow, to pay taxes upon real estate held jointly by Hans Christopher and Caroline Christopher, his wife . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 100.00

(c) Note in the amount of $5,000, payable in ten years to Hans Christopher and Caroline Christopher, his wife, dated April 8, 1936, executed by John Butteris and Mabel Butteris, his wife, for. 2,500.00

(d) Note in the amount of $500, payable on demand to Hans Christopher and. Caroline Christopher, his wife, dated April 8, 1936, executed by John Butteris and Mabel Butteris, his wife. . . . . 250.00

(e) Certain described real estate.
(f) Rent upon the aforesaid real estate from Roy Christopher (home farm) . . . . . . . . . . . . . . . 600.00

All of this property involved being owned by the deceased and his wife as joint tenants at the time of his death.

It is the contention of the appellant that this property having by the death of the testator vested in the surviving widow, the administrators *de bonis non* have no title thereto

and cannot maintain this proceeding. It is considered that this position is not well taken. In the first place, the guardian of John M. Reese, executor, petitioned for an accounting. The account is made, not to the administrators *de bonis non,* but to the county court, upon her own petition. The question of what, if any, rights the administrators *de bonis non* will have to these assets is a matter which awaits the determination of the county court. Nor is there any dispute as to the ultimate ownership of the property in question.

It appearing without dispute that the executor of the will took possession of this property in his representative capacity as successor in title to the deceased, he is estopped to deny his liability therefor. In *De Valengin's Administrators v. Duffy* (1840), 14 Pet. 282, 10 L. Ed. 457, it was so held. This doctrine has been approved in a number of cases which will be found in Rose's Notes to the case.

It was also further held that an executor taking possession of assets in his representative capacity may be sued either in his representative capacity or personally. Appellant seems to rely upon the case of *Central Wisconsin Trust Co. v. Schumacher* (1939), 230 Wis. 591, 284 N. W. 562. In that case it was held that the county court had no jurisdiction to try title to property. No question of title to property is involved in this case. The question before the county court here is the matter of accounting by the guardian of the executor and of that subject the county court has full jurisdiction. The matters under consideration in the *Central Wisconsin Trust Co. v. Schumacher Case* presented questions entirely different from the questions presented by the record in the county court in this case.

*By the Court.*—The judgment appealed from is affirmed.