O'NEILL, County Judge, Respondent, vs. MARYLAND CASUALTY COMPANY, Appellant.

*September 11—October 7, 1941.*

*Arnold C. Schreier* of Milwaukee, for the appellant.
*J. Charles Pile* of Dodgeville, for the respondent.

FOWLER, J. The suit is on the bond of John M. Reese as executor of the estate of Hans Christopher, deceased, to require the bondsman to pay to the administrators *de bonis non* of the estate the amount adjudged to be paid upon the accounting of the guardian of Reese, who had been adjudged incompetent and removed as executor. The court ordered the guardian to pay $2,740.50. The guardian failed to pay it. The plaintiff demurred to the answer of the defendant on the ground that it failed to state a defense. The defense stated is that the property for which the executor failed to account did not belong to the estate, and the bondsman is not obligated by the bond to account for property not so belonging. The de-

murrer was sustained, and the defendant appeals from the order sustaining the demurrer.

The judgment of the county court made upon the accounting was affirmed by this court in *Estate of Christopher,* 235 Wis. 616, 293 N. W. 921. The facts of that case are fully stated in the opinion therein. That judgment is *res judicata* as to the accounting and the amount to be paid, and by a long line of decisions of this court is binding upon the bondsman as well as the guardian of the executor, although the bondsman did not participate or appear upon the hearing or the accounting. *Newcomb v. Ingram,* 211 Wis. 88, 243 N. W. 209, 245 N. W. 121, 248 N. W. 171; *Estate of Thompson,* 212 Wis. 172, 248 N. W. 167; *Clark v. Sloan,* 215 Wis. 423, 254 N. W. 653; *Estate of George,* 225 Wis. 251, 270 N. W. 538, 274 N. W. 294. A multitude of other decisions of this court to the same effect might be cited.

The appellant's claim more particularly stated is that the property for which the executor failed to account passed to the widow of Christopher as joint property, hence did not belong to the estate, and the bond only required the executor to account for property belonging to the estate. In reliance on the law that the county court has no jurisdiction to try title to property in the executor's hands, the appellant claims that the judgments of the county court and of this court purported to determine the title to the money ordered paid and the judgments are therefore void. But the point of want of jurisdiction to try title was raised in the former case, and it was expressly decided by this court that no question of title to the property was involved; that there was no dispute as to the ultimate ownership of the property; and that the question of the rights of the administrators *de bonis non* of Reese's estate to the property awaits the determination of the county court. The order of the county court approved the account of the guardian of Reese as presented and assigned the property in-

ventoried by Reese as executor as belonging to the estate to the coadministrators *de bonis non* of the estate of Reese for administration. The court also decided that as it was without dispute that Reese took possession of the joint property in his representative capacity he and his guardian were estopped to deny liability therefor, and that Reese might be sued therefor in his representative capacity. The estoppel found is the basis of the court's decision that Reese's guardian should pay the amount found due on the accounting to the administrators *de bonis non*. The suit on Reese's bond is such suit. Reese is not named as a party in the summons or complaint herein, but he might have been. The liability of the bondsman and the executor are coextensive. The bondsman cannot evade responsibility on the bond for the defaults of Reese in his representative capacity merely because Reese is not made a party to the suit.

The courts are not in accord on the proposition that a surety on an administrator's bond is liable for property taken by the administrator in his representative capacity that did not belong to the person of whom he is the representative. In 104 A. L. R. 195, is a note on this precise question. The general rule no doubt is that the bondsman is not so liable. But in the note cases holding that he is so liable are cited from Arkansas, California, Michigan, Missouri, Nebraska, New Hampshire, New York, North Carolina, Oklahoma, Tennessee, Texas, and Virginia. We do not discuss these cases because the proposition seems to follow logically from the proposition laid down by us in our former decision in *Estate of Christopher, supra,* that the administrator may be sued in his representative capacity for property of third persons taken by him in that capacity. If the administrator may be so sued, so may be his bondsman, who vouches for his acts as administrator.

It may be further stated that the fact that the amount of the bond of Reese as executor was fixed on the basis that he would be required to account for the joint property as prop-

erty of the estate, and that the surety's premium for executing the bond was fixed on the basis that the executor would be required to account for that property affords support for the proposition that it should be required to respond for all property taken over by the executor. But more strongly supporting the surety's liability is the fact that the bond in suit is expressly conditioned that the principal should "perform all orders and judgments of the court." The principal has failed to perform an order of the court. He therefore breached his bond, and the surety as well as he himself is liable for that breach.

Counsel for appellant cites many cases to the point that liability of a surety on a bond is fixed by the terms of his bond. That is conceded as a general proposition. *Gumz v. United States F. & G. Co.* 209 Wis. 408, 245 N. W. 82. Whether a case so cited is to the precise point that the instant surety is exempt from liability for property not owned by the person he represents depends on whether the terms of the bond involved in that case are materially different from the instant bond. Some forty to fifty cases are cited to this proposition. We have examined some twenty of them. It does not appear from the opinions in any of these cases, but one, that we have examined that the bond involved contained a provision obligating the surety to "perform all orders and judgments of the court" as does the bond here in suit. The bond involved in *Higbee v. American Employers Ins. Co.* 283 Mich. 328, 330, 278 N. W. 85, obligated the administrator "to administer" the property of the deceased according to law, and "to perform all orders and decrees of the court by said administrators to be performed *in the premises.*" The court held as to the administrators not accounting for property not belonging to the deceased that the order was not "entirely confined" to "the premises" and the surety was not liable for the principal's not performing the order as to the property not so confined. This holding is directly contrary to the holding in *Clark v. Fredenburg,* 43

Mich. 263, 5 N. W. 306, which is not cited or referred to in the opinion in the *Higbee Case, supra.* But however much the adjudicated cases in other jurisdictions may appear on their face to the contrary, we consider that the instant surety is liable for the failure of its principal to perform the order of the court to pay to the administrators *de bonis non* the value of the joint property which he assumed to administer.

*By the Court.*—The order of the circuit court is affirmed.