LUMBERMENS MUTUAL CASUALTY COMPANY, Plaintiff and Respondent, v. ROYAL INDEMNITY COMPANY and others, Defendants: KANE and another, Defendants and Appellants.

*April 7—May 3, 1960.*

For the appellants there was a brief and oral argument by *Frank D. Hamilton* of Dodgeville.

For the respondent there was a brief by *Schlotthauer & Jenswold,* and oral argument by *George McD. Schlotthauer* and *Arnold J. Wightman,* all of Madison.

HALLOWS, J.    The only question on appeal is whether the pleading constitutes a sufficient defense.   Trial courts in the past have treated a motion to strike as a general demurrer when the motion was directed to an entire answer or to a complete and separate defense as being frivolous or sham.   In such cases the motion is in legal effect a demurrer. See *Wisconsin Face & Fire Brick Co. v. Southern Surety Co.* (1925), 188 Wis. 383, 206 N. W. 204; *Williams v. Journal Co.* (1933), 211 Wis. 362, 247 N. W. 435.   In

*Fleischmann v. Reynolds* (1934), 216 Wis. 117, 256 N. W. 778, this court stated (p. 118):

"A motion to strike an entire answer as frivolous is treated as a demurrer to the answer on the ground that it does not state facts sufficient to constitute a defense."

This rule of law in practice was recently commented upon in *Wesolowski v. Erickson* (1958), 5 Wis. (2d) 335, 92 N. W. (2d) 898, and *Stafford v. General Supply Co.* (1958), 5 Wis. (2d) 137, 92 N. W. (2d) 267. Against a demurrer the answer is to be liberally construed and is entitled to all reasonable inferences which can be drawn from the facts pleaded, however inaptly stated. *Boek v. Wagner* (1957), 1 Wis. (2d) 337, 83 N. W. (2d) 916; *Whittier v. Atkinson* (1941), 236 Wis. 432, 295 N. W. 781. The facts pleaded must be taken as verities for the purpose of this appeal.

We construe the defense of estoppel to plead that at a settlement conference attended by the plaintiff, the Lumbermens Mutual Casualty Company, Wanazek, and the defendants, the Herman Mutual Insurance Company and the Royal Indemnity Company, held before the commencement of this action, it was agreed between the parties that the defendant, the Herman Mutual Insurance Company, was to pay and did pay the employee, Wanazek, $4,000 and was to receive a release from Wanazek in favor of all the defendants to this action; that the defendant, the Herman Mutual Insurance Company, was to pay $4,000, and the Royal Indemnity Company was to pay $4,000 to the plaintiff for its cause of action had by reason of sec. 102.29, Stats., and that the plaintiff was to submit the settlement agreement for approval, which has not been done. We believe these allegations constitute a defense in bar to this action until the agreement has been properly presented for approval.

The plaintiff argues that the agreement is void under sec. 102.29 (1), Stats., 16 W. S. A., p. 484, because it has

not been approved by a court of record or the industrial commission. We cannot agree with the reasoning of the plaintiff that an estoppel cannot be based upon the agreement. Sec. 102.29 (1) provides that a settlement of any third-party claim shall be void unless the settlement and distribution of the proceeds are approved by the court before whom the action is pending, and if no action is pending, then by a court of record or the industrial commission. We read the word "void" in the section to mean voidable. *Good v. Starker* (1934), 216 Wis. 253, 257 N. W. 299. The contract contemplated that the plaintiff was to submit the agreement for approval and certainly that part of the agreement did not need approval. Under the circumstances, it cannot be said that the contract is void or that the plaintiff refuses to carry out its promise to submit the contract for approval.

Settlements of third-party-liability cases are to be encouraged. Here Wanazek, because of his age and ill-health, was desirous of avoiding a lawsuit, and entered into the settlement agreement, and apparently is not interested in this action. This case is somewhat similar to *Bergren v. Staples* (1953), 263 Wis. 477, 57 N. W. (2d) 714, wherein this court affirmed the trial court in ordering the workmen's compensation insurer of the employer to join with the widow of the employee in accepting a settlement offer made by the defendants.

Under the pleadings, the plaintiff had the duty to present the settlement agreement for approval, and is estopped from bringing this action until the settlement agreement has been properly presented and acted upon. The defense is in effect a bar and may be determined in the court's discretion prior to the other issues in the action. One cannot breach his agreement and use such conduct for his own advantage when the other party, in reliance upon the contract, has partly performed as the appellants have here. This court stated in

*Marling v. FitzGerald* (1909), 138 Wis. 93, 120 N. W. 388 (p. 101):

"As those expressions are liable to be understood they hardly give proper dignity to the doctrine of estoppel *in pais*. True it is a rule of last resort, but where it is applicable it is not subordinate. It stays the operation of other rules which have not run their course, when to allow them to proceed further would be a greater wrong than to permanently enjoin them. It is a rule of justice which, in its proper field, has a power of mastery over all other rules. It is a rule, by no means to be discredited, but rather one entitled to the distinction of being one of the greatest instrumentalities to promote the ends of justice which the equity of the law affords."

On demurrer there is no issue concerning the existence of the contract.

*By the Court.*—Order reversed, with directions to overrule the demurrer.