SHAUGHNESSY and another, County Judges of Milwaukee County, and others, Respondents, v. OHIO CASUALTY INSURANCE COMPANY, Appellant.

*No. 327. Submitted under sec. (Rule) 251.54 December 2, 1974.—Decided December 20, 1974.*
(Also reported in 224 N. W. 2d 198.)

The cause was submitted for the appellant on the brief of *Simarski, Goodrich, Brennan & Stack*, attorneys, and *William P. Goodrich*, of counsel, all of Milwaukee; and for the respondents on the brief of *Charles M. Hanratty* and *James R. O'Brien*, both of Milwaukee.

HANLEY, J. Two issues are presented on this appeal:

1. Was the decision and judgment of the county court, probate division, upon all the facts herein, binding and conclusive on defendant?

2. Upon the pleadings and the state of the record was it proper for the circuit court to grant plaintiffs' motion for judgment on the pleadings?

*Conclusiveness of county court judgment.*

Defendant contends that its answer raises triable issues relating to the scope and coverage of the guardian's bond which the county court lacked jurisdiction to decide.

The county court has jurisdiction over the accounting of the guardianship estate. *Guardianship of Marak* (1973), 59 Wis. 2d 139, 207 N. W. 2d 648. Under sec. 253.10, Stats., the county court had full and complete jurisdiction relating to the settlement of the guardianship estate.

In *Shepard v. Pebbles* (1875), 38 Wis. 373, 378, it was stated: ". . . whenever the surety has contracted in reference to the conduct of one of the parties in some

suit or proceeding in the courts, he is concluded by the judgment."

The rule as to the binding effect of a judgment in a county court on a surety relating to an accounting by the guardian as principal upon the surety bond is stated in 39 Am. Jur. 2d, *Guardian and Ward,* pp. 149, 150, sec. 196:

"The bond creates a privity of contract between the surety and the guardian on one hand, and the ward on the other. . . .

"If the guardian's account has been settled in probate or in chancery, it is generally held that the judgment is conclusive against the sureties, in the absence of fraud or collusion, as to the guardian's liability and the amount thereof, even though the sureties were not parties to the proceeding, and that the sureties are entitled to appeal from the probate decree determining the amount due from the guardian."

In *O'Neill v. Maryland Casualty Co.* (1941), 238 Wis. 529, 300 N. W. 167, the county court ordered an executor to pay over to the administrators of the estate an amount found due from the executor on accounting. When the order was not complied with, suit was brought in circuit court to recover from the defendant as surety on the bond of the executor. Defendant's answer alleged that the property for which the executor failed to account did not belong to the estate and that a bondsman is not obligated to account for property not so belonging. In affirming an order sustaining a demurrer to this answer, this court held that "[t]he judgment of the county court . . . is *res judicata* as to the accounting and the amount to be paid, and by a long line of decisions of this court is binding upon the bondsman as well as the guardian of the executor, although the bondsman did not participate or appear upon the hearing or the accounting." *Id.* at page 531.

The *res judicata* effect of the county court order is dependent upon competent jurisdiction and an absence of

fraud. *Meyer v. Barth* (1897), 97 Wis. 352, 72 N. W. 748. No allegation of fraud is made here and no contention is or can be made that jurisdiction over the parties was lacking since defendant appeared by its attorneys at the proceedings on the objection to the accounting.

The county court in its findings of fact and conclusions of law found that the guardianship funds were used in payment of the principal's obligations and that the value of the funds used amounted to $14,171.23. We think these determinations by the court are conclusive and preclude further litigation of these matters by either the principal or his surety.

Defendant cites the case of *Estate of George* (1937), 225 Wis. 251, 263, 264, 270 N. W. 538, 274 N. W. 294, as holding that the liability of the surety is not a matter within the jurisdiction of the county court. That holding is correct but distinguishable from the instant case. In that case the action against the surety on the bond was commenced in and judgment rendered by the county court. In the present case the county court did not enter a judgment against defendant. Rather the court determined the period of Kolka's guardianship and that guardianship funds were diverted by Kolka during that period in payment of personal obligations and entered a judgment against Kolka. These matters are within the jurisdiction conferred on the county court by statute. Having such jurisdiction over the subject matter, the judgment of the county court is binding on the defendant-surety regardless of the correctness of those determinations.

*Judgment on the pleadings.*

The trial court found that the answer of the defendant raised no valid defense to the action of the plaintiffs. It determined that the judgment of the county court in surcharging the guardian's account was conclusive and bind-

ing on the surety in all matters which were within the county court's jurisdiction, and which were involved, as a matter of law, in the settling of the guardian's accounts. Therefore, using the reasoning applicable to a demurrer, the court struck defendant's answer. *Lumbermens Mut. Casualty Co. v. Royal Indemnity Co.* (1960), 10 Wis. 2d 380, 103 N. W. 2d 69.

The county court files contain the original notice of entry of judgment with judgment attached, bearing admission of service by the bonding company's attorney on December 7, 1971. Appellant argues that it is liable only for acts of the guardian while the bond is in effect. This is true and is the issue raised in trial court and decided against the guardian.

The appellant was in effect asking the circuit court to retry the issues. The proper forum to present any defenses was at the county court level. In the event of an adverse ruling, appeal was the proper remedy. Here no appeal was taken from the county court's determinations.

We conclude that the issues that the appellant herein sought to have adjudicated in the circuit court were fully considered and determined in the county court, and are now barred by the doctrine of *res judicata* as a result of the earlier judgment. The circuit court properly granted the plaintiffs' motion for judgment on the pleadings. The judgment must be affirmed.

*By the Court.*—Judgment affirmed.